FRANKLIN A. FLETCHER *vs.* CHARLES POWERS & another.

Middlesex.   March 1. — June 29, 1881.   COLT, ENDICOTT & DEVENS, JJ., absent.

In an action for the conversion of chattels, the plaintiff is not precluded from putting in evidence of their value by the fact that he offered no evidence on this point before an auditor, to whom the case had been referred.

In an action of tort for the conversion of the contents of a country store, against the assignee in insolvency of a person who had mortgaged the articles to the plaintiff, in order to show what the goods were and their value, the plaintiff called as witnesses the appraisers appointed by the court of insolvency, who testified that they prepared a schedule of the goods and of their value; and that they could not then remember what the articles were or their value, but that they were correctly stated in the schedule. The defendant admitted that he had the schedule, but refused to produce it. *Held,* that the plaintiff could put in evidence a copy of the schedule.

A power to a mortgagor, in a mortgage of a stock of goods, to sell the goods in the regular course of trade, does not of itself avoid the mortgage.

A mortgage of "groceries," contained in a "country and village grocery store," does not include pails, shovels and the like, although such goods are usually kept in such a store.

MORTON, J.   This is an action of tort in the nature of trover. It appeared at the trial that one Smith, who kept a country store, mortgaged certain goods to the plaintiff; that Smith afterwards went into insolvency; and that the defendants, being duly appointed his assignees, took possession of and sold the goods. At the trial, a report of an auditor, to whom the case had been referred, was put in evidence. The plaintiff then offered evidence of the value of the goods named in his writ, and the defendants objected to it, because the plaintiff had not put in any evidence of their value before the auditor. The court rightly admitted the evidence. An auditor's report is only *prima facie* evidence, and a party has the right to re-try before the jury the whole case, and to introduce any competent evidence which is material to the issues involved. The court might, if it had seen fit, have recommitted the case to the auditor, but it could not deprive the plaintiff of his right to a trial by jury, or of the right involved in it of introducing all competent evidence bearing upon his case.

In order to show what goods were in the store and their value, the plaintiff called two witnesses, admitted to be qualified to

give their judgment as to the value, who testified that, soon after the defendants took possession, they, the witnesses, were appointed by the Court of Insolvency to appraise the estate of the insolvent debtor; that they examined the goods in the store, and made an inventory and schedule of them and of their value; that they could not now remember what the articles were or their value, but that they were correctly stated in said schedule. The defendants admitted that they had the schedule, but refused to produce it, or to allow the witnesses to see it. The court thereupon allowed the plaintiff to prove a copy of said schedule, and to put it in evidence. We are of opinion that the defendants have no ground of exception to this ruling. If the defendants had produced, as they ought to have done, the original schedule, it would have been admissible in evidence, not merely as a memorandum to refresh the memory of the witnesses, but as an independent link in a chain of evidence tending to show what goods were in the store and their value. The stock of goods consisted of a large number of articles, mostly of small value; they had been sold and scattered, and from the nature of the case it was impossible for the appraisers to have any present memory of the different articles. They could only swear, as they did, that they examined and appraised the stock, and that the articles and their value were correctly set out in the schedule prepared by them. The schedule is admissible, not because it refreshes the memory of the witnesses, for this would be a mere pretence, but because it identifies the articles examined by them, and thus with their oath proves what articles were in the store and their value. As the defendants refused to produce the schedules, and thus suppressed the best evidence of their contents, it was open to the plaintiff to prove their contents by secondary evidence, and therefore he had the right to prove and put in evidence a copy.

The third exception of the defendants was to the refusal of the court to rule that the plaintiffs' mortgage was void because it contained a power to the mortgagor to sell the goods in the regular course of his trade. This is not now an open question in this Commonwealth, it having been repeatedly held that such a power given to the mortgagor does not *per se* avoid the mortgage, but is at most only evidence of a fraudulent purpose,

to be submitted to the jury. *Briggs* v. *Parkman*, 2 Met. 258. *Barnard* v. *Eaton*, 2 Cush. 294. *Codman* v. *Freeman*, 3 Cush. 306.

The court " ruled and instructed the jury that, if they found that the articles named in the schedule annexed to the writ were in the store of said Smith which was named in the mortgage, and were his property at the time the mortgage was made, and were such as were usually kept in stores similar to that of Smith, as said store had been described to them, they might find that every such article was included in the description of the mortgaged property, in said mortgage and in the terms thereof ; " and the only remaining question is as to the correctness of this ruling. The mortgage conveys "all the following goods and chattels, namely, all flour, all teas, soaps, sugars, spices and all groceries, all fixtures belonging to me now situated in the store occupied by me in Robinson's block in said Lexington, upon Main Street, including all grain."

It may be necessary to resort to parol evidence to apply the description and to show what articles in Smith's store were included within it. But parol evidence cannot enlarge the description and bring within the operation of the mortgage articles not fairly included within it. By the instruction given them, the jury were permitted to include in the mortgage under the general description of " groceries " any articles such as were usually kept in a store like that of Smith, which was a "country and village grocery store." This is not the true test. Many articles may be usually kept in a country and village grocery store which are not groceries, or otherwise within the description of this mortgage. Many of the articles which were in Smith's store and which are specified in the plaintiff's declaration are of this description, such as shovels, snathes, pails, baskets, traps, cards and others. The fact that such articles are usually kept in a country store does not make them " groceries " within the meaning of this mortgage, or extend the natural and accepted meaning of the description so as to include them.

We are therefore of opinion that this ruling was erroneous. But, as there has been a full and fair trial upon the question of the liability of the defendants, and as this erroneous ruling affects only the amount of damages, we are of opinion that the

case should be opened, and a new trial had, only upon the question of damages. *Exceptions sustained on damages only.*

*W. S. Stearns,* for the defendants.

*D. S. Richardson & R. Lund,* for the plaintiff.