## SAMUEL P. WILLIAMS, ADMR. *v.* M. FRANCIS WAGER ET AL.

*Resulting trusts. Payment of purchase by person other than grantee. Entire payment need not be made at time of conveyance. Evidence. Error.*

1. Where upon the purchase of real estate the conveyance of the legal title is made to one person, while the consideration is paid by another, a trust thereby results by implication of law in favor of the person who pays the purchase money, and the facts necessary to raise such trust may be shown by parol.

2. Nor does it alter the rule that the one to whom the conveyance was made is dead.

3. The evidence of such a trust must be clear and satisfactory, but by this it is only meant that the trier of the case must be reasonably satisfied of the fact which the evidence tends to prove; and when the case is referred to a special master to find and report the facts, his finding is conclusive upon the court, certainly unless he reports the evidence upon which that finding is based.

4. A resulting trust cannot be raised by any transactions between the parties subsequent to the passing of the legal title, but it is not necessary that the entire purchase money should be paid at the time of the conveyance. It is enough if the one setting up the trust assumed to pay as a part of the original transaction and subsequently did pay the consideration.

5. A witness may refer to a memorandum made at the time of a transaction for the purpose of refreshing his recollection, and such memorandum is itself admissible in connection with the witness's testimony.

6. Error cannot be predicated upon the reception by a special master of evidence bearing solely upon an issue not involved in the decision of the court.

Bill to establish a trust. Heard upon the pleadings and the report of a special master, at the September term, 1891. Thomp-

son, chancellor, dismissed the bill *pro forma.* The orator appeals.

The orator brought suit as the administrator of Catherine J. Williams, his wife. The bill alleged in substance, that in the year 1864 his said wife had purchased the premises in question of one Kimball, for the sum of $2000 ; that she paid down the sum of $200, and subsequently paid the remaining $1800 with interest ; that at the time of the conveyance it was agreed between herself and one Parmelia M. Wager, her mother, that the conveyance should be taken in the name of her said mother, and that the conveyance was then so taken ; that the said Catherine J. went into the immediate occupancy of the premises and continued in said occupation, exercising sole and absolute dominion over them, from the execution of said deed down to the time of her death in July, 1889 ; that during all this time the legal title to said premises had continued in the said Parmelia M. Wager, who had deceased previous to the death of the said Catherine J.; that the heirs and representatives of the said Parmelia M., the defendants in this suit, laid claim to said premises as a part of her estate, and that her executors had begun and were then prosecuting an action of ejectment for the possession of the same. The orator prayed that this action of ejectment might be perpetually enjoined and that the defendants might be compelled to execute to him a deed of said premises.

The defendants by their answers denied that Catherine J. Williams ever paid any part of the purchase price or had any interest whatever in the purchase of said premises, and asserted that the purchase was made and the purchase money paid by Parmelia M. Wager for her own benefit ; that she had always been the owner of the same in her life time, and that the property was then a part of her estate.

The master reported that on the 7th day of October, 1864, one Daniel Kimball, who had deceased. previous to the trial, executed and delivered a deed of the premises to the said Parmelia

M. Wager, and that the legal title to said premises still stood in her representatives. The purchase price of said premises was $2000, of which $200 was paid in cash at the time of the conveyance, the deed being conditioned for the payment of the balance on or before October 7, 1868, and the same having been paid according to the terms of said deed. It appeared that the conveyance was made and the purchase money paid to Mr. Kimball, both at the time of the conveyance and subsequently, by one Edward Edgerton, an attorney-at-law, who testified that he was employed by and acted for the said Catherine J. Williams. The only witness whose testimony bore directly upon the question as to who paid the purchase money, and by whom, and for whose benefit the purchase itself was originally made, was the testimony of Mr. Edgerton. He himself had deceased previous to the hearing before the master, but his deposition was introduced upon these various points. In reference to the payment of the purchase price the master reported as follows :

"At the delivery of the deed the sum of $200 was paid in cash, and it was agreed that the remaining portion of the purchase price should be paid as provided in the condition attached thereto. There was no direct evidence to show who in fact paid, or furnished the money with which to make the $200 cash payment, but from all the circumstances surrounding the transaction, as herein related, I find that the money was furnished and payment made by Mrs. Williams.

In respect to all the payments thereafter made, I find that the money was furnished therefor by Mrs. Williams to Mr. Edgerton, who made the payments for her to Mr. Kimball, he keeping an account thereof, a memorandum of which, made by him, hereto attached, marked exhibit "B" was referred to by Mr. Edgerton, in his deposition as a memorandum made at the time, and used by him to refresh his memory while testifying, and was offered and received by me in connection with his deposition, against the objection and subject to the exception of the defendants."

After the execution of the deed, it was delivered to Mr. Edgerton as the attorney for Mrs. Williams, who procured it

to be recorded in the town clerk's office, and afterward delivered it to Mrs. Williams. She retained it in her possession for some time when it finally came into the possession of Mrs. Wager, but at what time and under what circumstances did not clearly appear. Immediately after the execution of the deed, Mrs. Williams went into the possession of the property, and continued in the possession of the same, treating it and managing it in all respects as her own property, and taking to herself the sole use and income from it, down to the time of her death.

The memorandum mentioned in the opinion of the court, was the exhibit " B ", which is referred to by the master in the extract from his report above given.

The orator claimed title to the premises by reason of adverse possession as well as by virtue of the original transaction, and as bearing upon this point introduced evidence of the declarations of his wife in her life time, as to the ownership of the property, against the objection and exception of the defendants, and was also permitted to testify himself against their objection and exception in reference to the occupany of the premises by his wife and her claim of title thereto.

*J. C. Baker* and *C. A. Prouty*, for the orator.

The trust sought to be established in this case is a resulting trust, arising by implication of law, and as such is especially excepted from the operation of the Statute of Frauds. Parol evidence was admissible to establish the facts from which it sprang. R. L. s. 1933 ; Lewin Trusts, 143, 167 ; 1 Perry Trusts, s. 124 ; Pomeroy, Eq. Jur., ss. 1030, 1040 ; *Boyd* v. *McLean,* 1 John Ch. 582; *Page* v. *Page,* 8 N. H. 187 ; *Baker* v. *Vining,* 30 Me. 121 ; *Livermore* v. *Aldrich,* 5 Cush. 431, 434 ; *Pinney* v. *Fellows,* 15 Vt. 525 ; *Pinnock* v. *Clough,* 16 Vt. 500 ; *Barron* v. *Barron,* 28 Vt. 375 ; *Clark* v. *Clark,* 43 Vt. 685.

The rule here contended for is not at variance with *Salisbury* v. *Clark,* 61 Vt. 453. In that case the deed was to the grantee upon an expressed consideration, and it has always been held

not permissible in such case to contradict the deed by showing that in fact there was no consideration. *Pom. Eq. Jur.*, s. 1036.

Although there is some intimation in the earlier cases that parol evidence is not admissible after the death of the nominal purchaser, the law is now settled the other way. *Pinney* v. *Fellows*, 15 Vt. 525, 538; Lewin Trusts, 130.

The evidence to establish the fact of the payment by Mrs. Williams must be clear, but if it satisfied the master, this court cannot say that it was not sufficient. *Jackson* v. *Stevens*, 108 Mass. 94.

The testimony as to the declarations of Mrs. Williams was admissible upon the question of adverse possession. *Wood Lim* s. 268, p. 510, note 6; *Hollister* v. *Young*, 42 Vt. 407.

*Edson R. Harder* and *Henry A. Harmon*, for the defendant.

Only $200 was paid at the time of the conveyance, and if any trust results it can only be *pro tanto* to the extent of this payment. No resulting trust can be raised by payments upon the part of the supposed beneficiary made after the conveyance. *Pinney* v. *Fellows*, 15 Vt. 525; *Pinnock* v. *Clough*, 16 Vt. 500; *Dewey* v. *Dewey*, 35 Vt. 560; *Botsford* v. *Burr*, 2 Johns. Ch. 405; *Steere* v. *Steere*, 5 Johns. Ch. 1; *Rogers* v. *Murray*, 3 Paige, 390, 397; *White* v. *Carpenter*, 2 Paige, 238.

Parol evidence cannot be resorted to, to establish a resulting trust of this kind after the death of the nominal purchaser. 2 Atk. 150; *Hooper* v. *Eyles*, Vernon, 480.

The evidence in this case is not sufficiently clear and satisfactory to establish the facts from which the trust results. *Ex parte* Vernon, 2 P. Wms. 549; *Goodwin* v. *Lister*, 3 P. Wms 387; *Faringer* v. *Ramsey*, 4 Md. Ch. 33; *Butler* v. *Tuttle*, 19 N. J. Eq. 560; *Miller* v. *Blose*, 30 Gratt. 745; Appeal of Walter, 8 Atl. 406; Appeal of Jackson, 8 Atl. 870; *Botsford* v. *Burr*, 2 Johns. Ch. 409.

The memorandum was improperly admitted as evidence.

Samuel P. Williams, *Admr. v.* M. Francis Wager *et al.*

*Lapham* v. *Kelley*, 35 Vt. 195 ; *National Bank* v. *Madden*, 23 Abb. N. C. 123.

The opinion of the court was delivered by

TYLER, J.  The master has found that the premises were purchased and paid for by Mrs. Williams.  The defendants in their answer deny that Mrs. Williams made the payment of $200 at the time the deed was delivered, and aver that Mrs. Wager made that payment.  Mr. Edgerton, the attorney, testified that he had no distinct recollection of actually taking the money into his hands and handing it to Mr. Kimball, the grantor, that he remembered the fact that $200 was then paid and the remaining $1800 secured by the condition in the deed, and that none of the money came from Mrs. Wager.

The general rule is that in order to establish a trust by parol evidence in opposition to the recital in a deed, the evidence must be clear and positive.  Adams' Eq. 33.  The evidence must be full, clear and satisfactory.  *Freeman* v. *Kelley*, 1 Hoff. 90, note ; Lewin on Trusts, 167, speaks of a considerable weight of evidence to overcome the solemnity of the oath in the defendant's answer.  Nothing more can be meant by the rule than this, that the trier of the case, whether it is the court or one of its masters, must be reasonably satisfied of the fact which the evidence tends to prove.  In this case it was for the master to decide the question upon the weight of the evidence produced before him.  He was not requested to return the evidence to the court and did not voluntarily return it, so that the court might determine whether or not there was sufficient ground for his finding.  He finds, "from all the circumstances surrounding the transaction that the $200 was furnished and payment made by Mrs. Williams."  That question is therefore settled by the master, as one of fact within his province to try and determine.

The defendants' counsel do not contend that parol evidence is inadmissible to establish a trust.  Our statute, which is in substance a re-enactment of 29 Car. 2, is as follows: "No trust

concerning lands, excepting such as may arise or result by implication of law, shall be created or declared, unless by an instrument in writing, signed by the party creating or declaring the same, or by his attorney." R. L. 1933. This statute has been adopted by most of the States and it is generally held in this country that resulting trusts are not within the statute and may be proved by parol. In England it is very doubtful whether such evidence would be admitted against the answer of the defendant. Adams' Eq. 33, note.

A resulting trust by presumption of law arises where the legal ownership of property has been disposed of, but it is apparent from the language of the disposition itself or from the attendant circumstances, that the equitable ownership or beneficial interest was intended to go in a different channel, although there is no declaration, or no sufficient declaration, as to what that channel should be. In this case a trust is implied for the real owner, termed a resulting trust, or trust by operation of law ; and such a trust, although relating to real estate, is exempted by a proviso in the statute of frauds from the necessity of being declared or evidenced in writing. Adams' Eq. 31.

In the case of *Livermore* v. *Aldrich et al.*, 5 Cush. 431, it was held that : " When land is purchased, and the conveyance of the legal estate is taken in the name of one person and the consideration is paid by another, the trust of the legal estate results to the person who advances the purchase money, and the party named in the conveyance is a trustee for the party from whom the consideration proceeds. So, if only a part of the purchase money is paid by the third party, there will be a resulting trust in his favor *pro tanto*. It is also well settled, that though it is expressed in the deed that the consideration was paid by the grantee, yet parol evidence is admissible to show that the consideration was in fact paid by a third person, for the purpose of establishing a resulting trust in favor of such third person. The admission of parol evidence in such cases, it is fully settled, does not

come within the prohibition of the statute." .* * * *Bots-
ford* v. *Burr,* 2 Johns. Ch., Law. Ed. 405 and notes ; Pom. Eq.
Jur. 1037-1040 ; Hill on Trustees 96 ; 2 Wash. Real. Prop. 517;
*Brison* v. *Brison,* 75 Cal. 525, (7 Am. St. R. 183 and note.
This court has held the same doctrine, that where one person
purchases lands with his own money and takes a deed to another
a trust results by operation of law to the person making the pur-
chase. *Pinney* v. *Fellows,* 15 Vt. 525 ; *Pinnock* v. *Clough,*
16 Vt. 500; *Barron* v. *Barron et al,* 24 Vt. 375 ; *Dewey* v.
*Dewey,* 35 Vt. 555 ; *Clark* v. *Clark,* 43 Vt. 685.

The defendants' counsel insist that a resulting trust cannot
in any event be claimed except as to the $200 which was paid
when the deed was executed and delivered. It is well settled
that the trust must arise from the original transaction. It is
created, if at all, by the transactions incident to the conveyance,
and at that time, and not by any subsequent transactions between
the parties. When the legal title has once passed, a resulting
trust cannot be raised upon it by subsequent acts or agreements
of the parties. But the assumption of payment of a part of the
consideration money is as much a part of the transaction as the
actual payment of a part. It must be conceded that there was a
trust *pro tanto,* arising from the facts that the $200 was paid by
Mrs. Williams, and that Mrs. Wager was a mere nominal gran-
tee ; then there is no ground for maintaining that a trust did not
result as to the $1800, which, as a part of the transaction, was
promised and secured to be paid by Mrs. Williams, and was sub-
sequently paid by her according to the condition in the deed.
We apprehend that nothing further is intended by the authori-
ties on this subject than that the consideration *must be paid or
assumed to be paid* by the *cestui que trust* at the time of the con-
veyance, so that the trust results then and not afterwards. In
*Botsford* v. *Burr, supra,* $90 of the amount to be paid was in
fact paid by the plaintiff ; it was not claimed that any further
payment was made or promised by him at the time of the con-

veyance, but that he afterwards assigned a certain note for the same purpose. It was held that there was a trust only to the extent of the $90.

*Steere* v. *Steere*, 5 Johns. Ch. 1, *Rogers* v. *Murray*, 3 Paige 390, and the other case cited by the defendants' counsel on this point merely recognize the doctrine that, after the legal title has once passed to the grantee, by deed, it is impossible to divest the legal estate and raise a resulting trust by the subsequent advancement of funds. In *Pinney* v. *Fellows*, *supra*, which is relied upon, Mrs. Pinney claimed to be the *cestui que trust*: it appeared that she paid $100 of the consideration at the time of the purchase, and that her son, who was the alleged trustee, gave his own notes for the remaining $300 which Mrs. Pinney did not assume and was under no obligation to pay, though she did subsequently pay them for her son. Bennett, J., said : " If, then, Mrs. Pinney had, at the time of the purchase, paid the full consideration money, the law, out of that fact, would have raised the trust. Though it has been sometimes questioned, yet it is now well settled, that a part payment of the consideration, at the time of the purchase, will charge the land with a trust *pro tanto.*" The other Vermont cases cited are authorities only as to the general rule of law that the payment must be made at the time of the purchase. In *Dewey* v. *Dewey*, *supra*, Poland, Ch. J., commented upon the holding in *Pinney* v. *Fellows*, that the trustee's written testimony given long after the conveyance and after the rights of his creditors had intervened by attachments, was sufficient to satisfy the statute and uphold the trust as to the $300, and said: "For myself, I must say that this mode of upholding the trust is wholly unsatisfactory, and seems frivolous and absurd, though I should say that her entering upon the land, paying off the mortgage, and her long and open posession of the land, which was notice to all the world of her title, was suffi-

.cient to entitle her to claim a conveyance, on the ground of a full performance."

We have been referred to no case, nor have we been able to find one, which holds that giving security for the payment of the purchase price by the *cestui que trust*, at the time of the conveyance, when there is a subsequent payment in fact, is not equivalent to a payment at the time of the purchase. In Adams' Eq. 33 note it is said that the money must have been actually paid by the alleged *cestui que trust*, out of his own or borrowed funds, or secured to be paid at or before the time of the purchase. It is not necessary to show that the purchase money was actually paid at the time of the conveyance; it would be sufficient to show that it was paid in pursuance of the contract by which the purchase was made. 2 *Wash. Real Prop.* 518. In *Freeman* v. *Kelley*, 1 Hoff. 90, in referring to *Botsford* v. *Burr*, the court said: "I do not think, therefore, that this case or any other, has expressly decided that where there is clear proof of a prior payment coupled with clear proof of subsequent payments, all on account of the purchase, proof of an agreement to purchase for the use of the payee shall not be let in. The opinion of Lord Northington in *Bartlett* v. *Pickersgill*, Eden, 515, as well as the case *Wray* v. *Steele*, 2 Ves. & B. 385, appear to justify its admission." In the note of *Botsford* v. *Burr*, Mr. Desty says: "it is essential that the party setting up the trust shall have paid or become bound for the purchase money on his own account, and as a part of the original transaction of purchase." In 2 Pom. Eq. Jur. s. 1037, nearly the same language is used. In *Blodgett* v. *Hildreth*, 103 Mass. 484, the court said: "It need not be money advanced or paid at the time of the conveyance. The mode, time and form in which the consideration was rendered are immaterial, provided they were in pursuance of the contract of purchase. It is sufficient if that which in fact formed the consideration of the deed moved from the party

for whom the trust is claimed to exist, or was furnished in her behalf or upon her credit. The trust results from the purchase and payment of the consideration by or for one party, and the conveyance of the land to another."

That parol evidence is admissible as well after the death of the nominal purchaser as in his life-time is now well settled, though it seems to have formerly been a disputed question. Lewin on Trusts., 130; Hill on Trustees, 96, and numerous cases cited in the notes; *Botsford* v. *Burr*, *notes; Pinney* v. *Fellows*, p. 538, and cases there cited.

Three exceptions are insisted upon by the defendants relative to the admission of evidence:

The master states that Mr. Edgerton was permitted to refer to a memorandum made by him at the time of the conveyance of the property, to refresh his recollection, and that the memorandum was not received as independent evidence. This comes within the rule *Lapham* v. *Kelley*, 35 Vt. 195, and *Davis & Whittaker* v. *Field*, 56 Vt. 426, and there was no error in receiving it for the purpose for which it was offered.

Evidence of Mrs. Williams' statements to her ownership of the property, made at various times while she was in possession, bears upon the question of adverse possession. The testimony of the orator bears upon the same question. As we do not dispose of the case upon that ground this evidence becomes unimportant.

*Decree reversed and cause remanded with mandate that the defendant, M. Francis Wager, be perpetually enjoined from prosecuting the action of ejectment, set up in the bill, and that the orator have a decreee for a transfer of the legal title to the property by the defendants to him, according to the prayer of the bill.*