WARREN CHENEY *vs.* CHARLES W. CHENEY.

Middlesex. November 19, 1894. — January 3, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Evidence — Books of Account — Exceptions — Trial — Instructions.*

Entries in a defendant's books of account are not made admissible by the fact that the plaintiff has been seen looking over the books with no more definite evidence that he has seen the entries.

No exception lies to the refusal of the judge to repeat instructions which he has given to the jury.

HOLMES, J. This is an action to recover for services at the rate of twelve dollars a week. The defendant alleged that the rate was six dollars a week, and claimed allowances for payments on account by a declaration in set-off. (See *Goldthwait* v. *Day*, 149 Mass. 185, 187.) The case was sent to an auditor, who found that the rate was twelve dollars, and disallowed three items in the defendant's declaration in set-off. The rest he allowed. At the trial in the Superior Court, the defendant offered his books of account in evidence for the purpose of showing by the correspondence of amounts with what naturally would have been paid under an agreement for six dollars that that was the agreement, and, we presume, of proving the three items disallowed by the auditor. The books were excluded, and the defendant excepted. It does not appear that the defendant did or could swear to the correctness of the charge, and the persons who made the entries testified that they were made by the defendant's direction in the absence of the plaintiff. The clerk who made the earlier entries testified that alterations and erasures had been made since the books left his custody. The judge inspected the books. The items disallowed seem all to relate to money alleged to have been paid to third persons. (No. 60, " To pd. Mrs. Grover bill of Nov. 23, 1883, $58.92." No. 61, " To pd. Mrs. Grover bill, $66.50." No. 137, " To club bill, $6.") The defendant does not contend that the books were admissible as his books of account. *Prince* v. *Smith*, 4 Mass. 455, 459. *Maine* v. *Harper*, 4 Allen, 115, 116.

The ground on which the defendant contends that the books should have been let in is that there was some evidence of an admission by the plaintiff of their correctness. There was testimony that the plaintiff had access to the books and had been seen looking over them. As this was denied by the plaintiff, it might have been inferred, perhaps, if the testimony was believed, that the plaintiff did not protest against anything which he saw, and if he saw the disputed items and did not protest, the fact might be evidence for the defendant. *Commonwealth* v. *Funai*, 146 Mass. 570. *Sturtevant* v. *Wallack*, 141 Mass. 119, 123. But the books were not the plaintiff's books, or kept in his behalf. He was not a partner and had no interest in them, so that there was no ground for a presumption from the fact of access that he knew their contents. On the evidence above stated, it would be a mere guess whether he had seen the items in question.

The judge already had instructed the jury that the burden of proof was on the plaintiff, and properly had left it to the jury to say what weight should be attributed to the auditor's report. He was not called on to grant the request to repeat his instructions. If the request meant more than that it was wrong.* *Clement* v. *British American Assurance Co.* 141 Mass. 298, 304.

*Exceptions overruled.*

*F. Lawton*, for the defendant.
*G. F. Richardson*, for the plaintiff.

---

* At the close of the instructions, the defendant requested the judge to instruct the jury "that there is nothing in the auditor's report in this case which can aid the jury as to whether the price was six dollars or twelve dollars per week; and that, after the auditor's conclusion in this respect has been assailed by competent testimony, the burden of proof is still on the plaintiff when controverted by competent testimony."