ARTHUR P. CURRIER *vs.* DONALD C. MacDONALD.

Suffolk.    November 15, 1912. — January 28, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions. *Evidence,* Relevancy and materiality.

At the trial of an action of contract upon a judgment the only question at issue was, whether the plaintiff had actual notice of bankruptcy proceedings of the defendant, and the defendant introduced evidence tending to show that, in the course of proceedings in the poor debtor court to enforce the judgment sued on, his attorney in March of a certain year had told the plaintiff's attorney of such proceedings and that consequently there had been a continuance of the case in the poor debtor court to March 15. The defendant offered a record of the poor debtor proceedings which showed that they were instituted before the bankruptcy proceedings, that there had been a large number of short continuances until the March 15 referred to, when there was a continuance until May 14, on which day the proceedings were dropped. Subject to an exception by the defendant, the judge excluded the record but permitted the defendant to introduce other evidence as to everything that took place in the poor debtor proceedings including the details of the continuances. *Held,* that, even if the exclusion of the record was erroneous, the exception should be overruled, as the defendant was not shown to have been harmed.

CONTRACT upon a judgment entered in the Municipal Court of the City of Boston on October 27, 1899. Writ in that court dated January 5, 1910.

On appeal to the Superior Court the case was tried before *Hitchcock,* J.

It appeared that the defendant had filed a petition in bankruptcy on March 12, 1900, on which day he was adjudged a bankrupt, and that he received his discharge on the fifth day of March, 1901. It was admitted by the defendant at the trial that the plaintiff's claim was not properly described by him in his schedules in the bankruptcy proceedings. The defendant contended, however, that the plaintiff had actual notice of the bankruptcy proceedings in time to prove his claim and introduced evidence in support of that contention to the effect that, during proceedings in the poor debtor session of the Municipal Court of the City of Boston, which the plaintiff had instituted to enforce his judgment, the defendant's attorney in March, 1900, notified

the plaintiff's attorney of the bankruptcy proceedings and that thereupon the poor debtor proceedings were continued to March 15, 1900.

The defendant offered in evidence the record of the poor debtor court which contained entries showing that the plaintiff cited the defendant to appear for examination on poor debtor process founded on the judgment several months before the day on which the defendant went into bankruptcy, and that in these poor debtor proceedings there was a large number of continuances each for a few days until March 15, 1900, at which time a continuance was had to the fourteenth day of May, 1900, and that on the fourteenth day of May, 1900, the poor debtor proceedings were dropped. The judge declined to admit the record in evidence, but permitted the defendant to introduce other evidence as to everything that took place in the poor debtor proceedings including the details of the continuances, and such other evidence was introduced at the trial.

There was a verdict for the plaintiff; and the defendant alleged exceptions.

*C. H. Sprague*, for the defendant.

*G. F. Ordway*, for the plaintiff, was not called upon.

HAMMOND, J. Apparently the only question of fact really in dispute was whether, as contended by the defendant, "the plaintiff had actual notice of the bankruptcy proceedings in time to prove his claim."

The facts stated in the record of the poor debtor court had only a very remote bearing, if any, upon that question. Moreover, while the presiding judge declined to admit the record, he permitted the defendant to introduce other evidence as to everything that took place in those proceedings, including the details of the continuances, "and such other evidence was introduced." It does not appear that the facts stated in the record were in dispute. Even if the exclusion was erroneous, the defendant does not show he was thereby prejudiced. On the contrary the fair and legitimate inference from the bill of exceptions is that he was not prejudiced.

*Exceptions overruled.*