GUISEPPE CAPODILUPO *vs.* F. W. STOCK AND SONS.

Suffolk. January 11, 1921. — March 3, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Evidence,* Competency, Written statement.

If, at the trial of an action for breach of an implied warranty of the quality of flour sold by the defendant to the plaintiff, after an inspector of flour, in testifying for the plaintiff, had read to the jury without objection a report in writing which he had made to the plaintiff, the counsel for the defendant had asked for and had received the report and had cross-examined the witness regarding it, the report did not thereby become evidence in the case and, if offered as evidence by the plaintiff, properly may be excluded.

CONTRACT for alleged breach of implied warranty of the quality of certain flour sold by the defendant to the plaintiff. Writ dated January 22, 1920.

In the Superior Court, the action was tried before *Morton,* J.

Material evidence and the exception saved by the plaintiff to the exclusion of a certain paper are described in the opinion. The jury found for the defendant; and the plaintiff alleged an exception.

The case was submitted on briefs.

*J. E. Crowley,* for the plaintiff.

*W. A. Thibodeau, G. L. Ellsworth & A. E. Yont,* for the defendant.

PIERCE, J.   At the trial of an action to recover damages for the breach of an implied warranty that certain flour which was sold and delivered to the plaintiff by the defendant was in good and proper condition and of good quality and fit to be used by the plaintiff in his business of baker, the plaintiff called as a witness an inspector of flour, who testified that he inspected the flour on the premises of the plaintiff and that he made a written statement of his inspection and gave this statement to the plaintiff. The plaintiff's counsel produced this statement, handed it to the witness, who examined it and without objection read it to the jury as his testimony. The counsel for the defendant then asked the plaintiff's counsel for the certificate. It was handed to him, he inspected it, and asked the witness questions as to it. The counsel for the plaintiff then offered the writing in evidence. The defendant objected to its introduction and the trial judge excluded it subject to the exception of the plaintiff.

It is undoubtedly the law that a witness may be compelled to submit to inspection any writing or thing which he has used to refresh his recollection to enable the opposite party to see it and by cross-examination raise the question whether it is a proper memorandum for the purpose. This use and examination does not make the writing or thing evidence for either party, nor authorize it to be submitted to the jury unless for the purpose of testing the memory which has been refreshed by it. *Commonwealth* v. *Jeffs,* 132 Mass. 5. *Costello* v. *Crowell,* 133 Mass. 352. *Gurley* v. *Springfield Street Railway,* 206 Mass. 534. The further rule that a document on notice produced to and inspected by the party calling for its production makes such document evidence for both parties, *Clark* v. *Fletcher,* 1 Allen, 53, 57, *Long* v. *Drew,* 114 Mass. 77, *Cornell-Andrews Smelting Co.* v. *Boston & Providence Railroad,* 215 Mass. 381, 391, does not apply nor support

the contention of the plaintiff because the written statement was not produced at the trial in response to a notice of the defendant.

*Exceptions overruled.*