DAVID BENDETT *vs.* ANNE BENDETT, administratrix.

Plymouth.   October 10, 1940. — November 30, 1943.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, DOLAN, COX, &
RONAN, JJ.

*Evidence*, Admissions, Declaration by deceased person, Competency, Business records, Refreshment of witness's recollection. *Witness*, Refreshment of recollection. *Practice, Civil*, Exceptions: whether error harmful. *Error*, Whether error harmful.

In an action against an administrator for money lent to his intestate, statements by the intestate against his interest were admissible in evidence against the defendant at common law as admissions by the intestate without the prerequisites to admission of a declaration by a deceased person stated in G. L. (Ter. Ed.) c. 233, § 65, as amended, first being established.

Cash items in a book account exceeding $6.66 each are not admissible at common law.

Entries made by the plaintiff in a "little book" concerning loans to the defendant were not admissible as business records under G. L. (Ter. Ed.) c. 233, § 78, where the evidence did not warrant a finding of the prerequisites of such admission specified in that statute.

A writing either used by a witness to refresh his present recollection or incorporated by him in his testimony as expressive of his past knowledge is not itself admissible as independent evidence at the instance of the party offering the witness's testimony.

Discussion by LUMMUS, J., of the use which may be made of a writing to "refresh memory."

After direct examination and cross-examination of a witness respecting the items contained in a writing used by him to refresh his recollection, the admission of the writing itself as independent evidence at the instance of the party offering the witness's testimony, although error, was not prejudicial to the opposing party, and his exception to its admission was overruled.

CONTRACT.   Writ in the Superior Court dated May 11, 1939.

The action was tried before *Forte*, J.

The case was argued at the bar of this court in October, 1940, before *Field*, C.J., *Donahue, Dolan, Cox, & Ronan*, JJ., and afterwards was submitted on briefs to all the justices.

*G. L. Wainwright*, (*R. Lederman & S. Sherman* with him,) for the defendant.

*J. J. Geogan*, for the plaintiff, submitted a brief.

LUMMUS, J.   This is an action of contract, begun May 11, 1939, to recover for money lent to the defendant's intestate, Maurice Bendett, who died in September, 1938.   There was a verdict for the plaintiff, and the case is here on exceptions of the defendant to the admission of evidence.

Evidence was introduced by the plaintiff from several witnesses, to the effect that his brother, the defendant's intestate, needed about $10,000 with which to buy an agency; that the deceased said he had difficulty in repaying to the plaintiff the money lent, because of excessive overhead; that the deceased made certain payments to his father to be given to the plaintiff and credited in the plaintiff's "little book"; that the deceased said that he thought he would incorporate his business and give the plaintiff most of the stock so that he could realize some of his money that the deceased owed him when he began business, as that was the only way in which the deceased could pay him; and that the deceased said that he owed his family a large sum of money, over $5,000, and, according to the memory of one witness, around $10,000.

The judge admitted the foregoing evidence "de bene," that is, conditionally upon prerequisites of its admission being later shown.   *Clarke* v. *Fall River*, 219 Mass. 580, 586. *Solomon* v. *Dabrowski*, 295 Mass. 358, 360.   He was of opinion that the plaintiff was required to show that "the statements were made in good faith from personal knowledge."   At the conclusion of the evidence, the defendant moved that the evidence of statements made by the defendant's intestate be struck out.   No further evidence had been introduced that the statements were made in good faith upon personal knowledge.   The judge denied the motion to strike out, and the defendant excepted.

Apparently the judge thought that the statements could be admissible only under G. L. (Ter. Ed.) c. 233, § 65, since amended by St. 1941, c. 363, and St. 1943, c. 232.   The parties argue the case upon the same assumption.   But in truth the statements of the defendant's intestate were admissible at common law, as admissions.   The defendant administratrix is defending against an alleged debt claimed to be due

from her intestate, and any execution, except for costs, will run only against the goods and estate of the deceased in her hands. G. L. (Ter. Ed.) c. 230, §§ 1, 6, 8, 9. Statements made by the deceased were admissible against the administratrix, as admissions by one whose right she represents. *Heywood* v. *Heywood*, 10 Allen, 105. *Crosman* v. *Fuller*, 17 Pick. 171. *Coit* v. *Howd*, 1 Gray, 547, 550. *Hughes* v. *Northampton Street Railway*, 210 Mass. 206, 210. *Eldridge* v. *Barton*, 232 Mass. 183, 186. *Boston & Northern Street Railway* v. *Goodell*, 233 Mass. 428, 438. *Ferris* v. *Ray Taxi Service Co.* 259 Mass. 401, 404. *Beauvais* v. *Springfield Institution for Savings*, 303 Mass. 136, 147. *Carson* v. *Boston Elevated Railway*, 309 Mass. 32, 33. Wigmore, Evidence (3d ed.) § 1081.

The only other exception is to the admission in evidence of a "little book" or "small red diary," which the plaintiff had kept since 1921. He testified that that book was the only record that he kept in the ordinary course of business concerning his loans to the defendant's intestate. An inspection of the book, which is before us, shows that it contains various informal accounts and memoranda in pencil. One account in it purports to be with the defendant's intestate, and the items in that account are the same as those in the account annexed to the declaration, except that there is no item of interest.

The entries in the book were not admissible at common law as entries in a shop book or book account. For one reason, each of the items exceeded $6.66, which was the limit for items of cash payments or loans provable by entries in a book account. *Cleave's Case*, 3 Dane's Abr. 319 (1782). *Union Bank* v. *Knapp*, 3 Pick. 96, 109. *Burns* v. *Fay*, 14 Pick. 8, 12. *Henshaw* v. *Davis*, 5 Cush. 145. *Turner* v. *Twing*, 9 Cush. 512. *Townsend Bank* v. *Whitney*, 3 Allen, 454, 456. *Maine* v. *Harper*, 4 Allen, 115. *Davis* v. *Sanford*, 9 Allen, 216. *Cheney* v. *Cheney*, 162 Mass. 591. *Produce Exchange Trust Co.* v. *Bieberbach*, 176 Mass. 577, 587. Wigmore, Evidence (3d ed.) § 1539.

The entries were not admissible under G. L. (Ter. Ed.) c. 233, § 78. By that statute, certain prerequisites of admis-

sion must first be found by the judge, before the entries can be admitted. If nothing to the contrary appears, the admission of the entries implies a finding of the facts prerequisite to their admission. *Taylor* v. *Harrington,* 243 Mass. 210, 213. *Chadwick & Carr Co.* v. *Smith,* 293 Mass. 293, 295. *Bodell* v. *Sawyer,* 294 Mass. 534, 542, 543. The bill of exceptions states that the judge made no such preliminary finding. Even if that be construed as negativing only an express finding, and not an implied one, there was no evidence upon which he could have found the statutory prerequisite that "it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event or within a reasonable time thereafter."

The plaintiff, while testifying, "refreshed his recollection" from the "little book" or "small red diary," already described. He was cross-examined about the items in the book. On redirect examination counsel for the plaintiff offered the book, and it was admitted in evidence over the exception of the defendant. Did these facts make the book admissible in evidence?

When a witness, while testifying, uses a writing to "refresh his memory" or recollection, either in the sense of stimulating and reviving a present recollection (Wigmore, Evidence [3d ed.] §§ 758–765; *Director General of Railroads* v. *Eastern Steamship Lines, Inc.* 245 Mass. 385, 399), or in the sense of enabling him to testify to the fact from a record of his past knowledge (Ibid. §§ 734–735; *Commonwealth* v. *Ford,* 130 Mass. 64; *Guiffre* v. *Carapezza,* 298 Mass. 458, 125 Am. L. R. 1, and note; *Santarpio* v. *New York Life Ins. Co.* 301 Mass. 207, 210), the opponent may examine the writing or so much of it as relates to the case on trial, may cross-examine about it, and may introduce it in evidence to show that it could not or did not aid the witness in any legitimate way. *Commonwealth* v. *Haley,* 13 Allen, 587. *Commonwealth* v. *Lannan,* 13 Allen, 563, 569. *Commonwealth* v. *Burke,* 114 Mass. 261. *Commonwealth* v. *Jeffs,* 132 Mass. 5. *Donovan* v. *Boston & Maine Railroad,* 158 Mass. 450, 457. *Commonwealth* v. *Burton,* 183 Mass. 461, 471. *Capodilupo* v. *F. W. Stock & Sons,* 237 Mass. 550. *Common-*

*wealth* v. *Ponzi*, 256 Mass. 159, 161, 162. *United States* v. *Socony-Vacuum Oil Co. Inc.* 310 U. S. 150, 233. *Goldman* v. *United States*, 316 U. S. 129, 132. Wigmore, Evidence (3d ed.) §§ 753, 762, 763. In this case the book was introduced in evidence by the proponent of the testimony, not by the opponent.

Where the writing actually stimulates or revives a complete present recollection, the witness must testify to the fact as he remembers it. He may not read or show the writing to the jury, *Vicksburg & Meridian Railroad* v. *O'Brien*, 119 U. S. 99, 102. *Kelsea* v. *Fletcher*, 48 N. H. 282. *Graves* v. *Boston & Maine Railroad*, 84 N. H. 225. *Lawrence* v. *Farwell*, 86 N. H. 59, 63. *National Ulster County Bank* v. *Madden*, 114 N. Y. 280. *McCarthy* v. *Meaney*, 183 N. Y. 190, 193. *Acklen's Executor* v. *Hickman*, 63 Ala. 494. *Roll* v. *Dockery*, 219 Ala. 374. *Crothers* v. *Caroselli*, 126 N. J. L. 590. *State* v. *Coffey*, 8 Wash. (2d) 504. Wigmore, Evidence (3d ed.) § 763. See in this Commonwealth, *Commonwealth* v. *Fox*, 7 Gray, 585.

But where the writing is merely a record of past knowledge, and does not stimulate or revive a complete present recollection, in most jurisdictions the witness, in the discretion of the judge, is permitted to adopt the writing as his expression of the fact and as part of his testimony, and to read it and even to show it to the jury as such. Ordinarily that is fully as fair to the opponent as for the witness to translate the writing into terms of present assertion and to state the result to the jury. Technically, it is not the same as putting the writing itself in evidence. *Mason* v. *Phelps*, 48 Mich. 126, 130, 131. *Roll* v. *Dockery*, 219 Ala. 374. *Howard* v. *McDonough*, 77 N. Y. 592. *Clark* v. *National Shoe & Leather Bank*, 164 N. Y. 498, 502. *Curtis* v. *Bradley*, 65 Conn. 99, 108. *Williams* v. *Wager*, 64 Vt. 326, 336. *Manning* v. *School District No. 6 of Fort Atkinson*, 124 Wis. 84, 99, 100. *Myers* v. *Weger*, 33 Vroom, 432, 440, 441. *Cottentin* v. *Meyer*, 51 Vroom, 52. *Phoenix Ins. Co.* v. *Public Parks Amusement Co.* 63 Ark. 187, 203, 204. Wigmore, Evidence (3d ed.) §§ 754, 755. See also *Jacob* v. *Lindsay*, 1 East, 460; *Birchall* v. *Bullough*, [1896] 1 Q. B. 325.

In this Commonwealth the opinions of this court have not made clear the correct practice in this respect. But the rule just stated has support in our decided cases, and we are not aware of any actual decision to the contrary. *Shove* v. *Wiley,* 18 Pick. 558, 563. *Bunker* v. *Shed,* 8 Met. 150. *Adams* v. *Coulliard,* 102 Mass. 167, 173. *Cobb* v. *Boston,* 109 Mass. 438, 445 (writing read to fact-finding tribunal). *Fletcher* v. *Powers,* 131 Mass. 333, 334. *Atherton* v. *Emerson,* 199 Mass. 199, 210 (writing presented to fact-finding tribunal). *Commonwealth* v. *Edgerton,* 200 Mass. 318, 323, 324 (same). *Capodilupo* v. *F. W. Stock & Sons,* 237 Mass. 550, 551 (reading to jury not adversely criticised). The statement in *McKenna* v. *Fielding,* 272 Mass. 341, 344, that a physician might not read his notes of his past knowledge to the jury as part of his testimony, was not relevant to the facts of that case as they appear in the original papers. The physician apparently did not read his notes to the jury. On redirect examination they were admitted in evidence as an exhibit. They were read to the jury by counsel on the following day, after the testimony of the physician had been concluded. The physician did not adopt them as part of his testimony, as far as the record shows.

We see no reason for denying to the trial judge discretion to permit a witness to incorporate in his testimony a writing expressive of his past knowledge, and to read it and even to show it to the jury.

In the present case, however, the judge went farther. He admitted the writing as independent evidence, and not as a part of the testimony of the plaintiff. It was marked as an exhibit.

It is true that in some jurisdictions, because of the slight practical difference between the incorporation of a writing in the testimony of a witness and the admission of the writing as evidence by itself, a written record of the past knowledge of a witness is held admissible in evidence. Wigmore, Evidence (3d ed.) §§ 754, 755. *Graves* v. *Boston & Maine Railroad,* 84 N. H. 225. *Lawrence* v. *Farwell,* 86 N. H. 59, 63. See also *Crittenden* v. *Rogers,* 8 Gray, 452; *Fletcher* v. *Powers,* 131 Mass. 333, 334. It is conceivable, however, that

such a writing under some circumstances might have some inherent evidential weight independently of its adoption by the witness as the expression and embodiment of his testimony. In such a case, neither party would be entitled to have that weight thrown into the scale, on the merits of the case, unless the writing should be admissible on some other ground. The rule is well settled in this Commonwealth that the writing itself is inadmissible. *Commonwealth* v. *Jeffs*, 132 Mass. 5. *Costello* v. *Crowell*, 133 Mass. 352, 355. *Gurley* v. *Springfield Street Railway*, 206 Mass. 534, 538. *Gray* v. *Boston Elevated Railway*, 215 Mass. 143, 147. *Jewett* v. *Boston Elevated Railway*, 219 Mass. 528, 532, 533. *Capodilupo* v. *F. W. Stock & Sons*, 237 Mass. 550. *Dorr* v. *Massachusetts Title Ins. Co.* 238 Mass. 490, 495, 496. *Northern Industrial Chemical Co.* v. *Director General of Railroads*, 249 Mass. 246, 255. *Renwick* v. *Eastern Massachusetts Street Railway*, 275 Mass. 145, 148. *Shear* v. *Rogoff*, 288 Mass. 357, 362. *Moran* v. *Otis Elevator Co.* 291 Mass. 314, 318, 319. *Commonwealth* v. *Galvin*, 310 Mass. 733, 747. Technically, the admission of the book was error.

But although the entries in the book were not competent evidence, the exception of the defendant to their admission cannot be sustained if she was not harmed, or, in the language of G. L. (Ter. Ed.) c. 231, § 132, if this court "deems that the error complained of has not injuriously affected the substantial rights of the parties." The plaintiff had already testified, without objection, to the items of account contained in the book, using the book to refresh his memory of those items. He had been cross-examined about those items. Thus the jury had been made familiar with everything material that was contained in the book. The admission of the book in evidence merely put before their eyes what they knew already. So far as appears there was nothing in the sight of the items in the book that was more convincing than the testimony of the plaintiff that they were the items in an account that he knew to be true. We do not see how the defendant was harmed. The burden was on the excepting party to show not only technical error, but also reasonable probability of harm. The admission or exclusion of merely

cumulative evidence, that adds nothing to evidence already in the case, does not require the sustaining of exceptions, even though there was technical error. *Comerford* v. *New York, New Haven &· Hartford Railroad,* 181 Mass. 528, 530. *Coneton* v. *Old Colony Street Railway,* 212 Mass. 28, 29. *Currier* v. *MacDonald,* 213 Mass. 363. *Perivoliotis* v. *Eveleth,* 251 Mass. 444, 446, 447. *Commonwealth* v. *Capalbo,* 308 Mass. 376, 383. *Commonwealth* v. *Mannos,* 311 Mass. 94, 115. Compare *Perkins* v. *Rice,* 187 Mass. 28, 31; *Whitcomb* v. *Whitcomb,* 217 Mass. 558, 564, 565; *Slotnick* v. *Silberstein,* 221 Mass. 59, 62. See also *Davis* v. *Boston Elevated Railway,* 235 Mass. 482, 499. In this respect the case is governed in principle by *Miller* v. *Shay,* 145 Mass. 162, 164. See also *Northern Industrial Chemical Co.* v. *Director General of Railroads,* 249 Mass. 246, 256; *Commonwealth* v. *Lavery,* 255 Mass. 327, 331; *Chmiel* v. *Yatsko,* 124 N. J. L. 508; *United States* v. *Socony-Vacuum Oil Co. Inc.* 310 U. S. 150, 235.

In the opinion of a majority of the court the entry should be

*Exceptions overruled.*