Pettingbll, P. J.
Action of tort. The defendant while under cross examination was asked by the attorney for the plaintiff if he had made out any report to his insurance company of the accident upon which the plaintiff’s action was based; in answer the defendant stated that he had made out two such statements. He was then asked whether he had read those statements the morning of the trial for the purpose of refreshing his memory, and whether they did refresh his memory, his answer to each question being in the affirmative. The plaintiff then called upon the defendant to produce the statements. The defendant made no objection to producing them and they were produced. No previous notice to produce them had been given. The defendant was then asked if the two statements produced were the ones which refreshed his memory; again he an *212 swered in the affirmative. He was then further.cross examined as to the statements and their contents.
After the cross examination the defendant offered the statements in evidence; the plaintiff objected to their admission; the trial judge admitted them. The plaintiff claimed a report on the admission of the statements.
The report does not state that it contains all the evidence material to the question reported; neither .does it contain copies of the statements nor any evidence which indicates their nature, their materiality, or their relations to the plaintiff’s case. It does not appear from the report what the stage of the trial was when the report was claimed upon question before us; so far as the contents of the report are concerned the report may have been made of an interlocutory matter, and the case itself may still be pending in the District Court. As to the power to report interlocutory matters which are not final in their nature, see Krock v. Consolidated Mines & Power Co. Ltd., 286 Mass. 177, at 179, 180. It appears from the docket entries, however, that there was a finding* for the defendant. The case is properly before us.
The issue raised by the report has been before the Supreme Judicial Court recently in two cases. Bendett v. Bendett 315 Mass. 59, (Mass. Adv. Sh. (1943) 1763 at 1765) and Leonard v. Taylor, Mass. Adv. Sh. (1944) 213. On its facts the case is almost indistinguishable from Leonard v. Taylor, supra, which states at pages 216 and 217, the conclusion of the court,
“We think it the better rule that where a witness does not use his notes or memoranda in court, a party has no absolute right to have them produced and to inspect them ... It follows that the plaintiff could not demand and examine the statements without making them evidence at the option of the defendant.”
*213 In other words, the statements not having been used in court by the defendant, he could have refused to produce them upon the plaintiff’s demand, and the plaintiff would have had no remedy because of the refusal, except perhaps a right to use secondary evidence of the statements if such evidence existed. But not having exercised his right to refuse to produce them, and the plaintiff having inspected them after the production, and then having used them in cross examination, the defendant had the right to introduce them in evidence.
In Bendett v. Bendett, supra, the plaintiff used a record book to refresh his recollection of a financial transaction and later offered the book in evidence. It was admitted over the exception of the defendant. The Supreme Judicial Court held that it was not admissible as a record book, the entries of which are admissible at common law as entries in a shop book, and not admissible under G. L. (Ter. Ed.) C. 233, Section 78, the record definitely showing that the trial judge had not made the preliminary findings provided for by that section of the statute before such a record book is admissible. The court having found that it was not admissible upon either of the two grounds mentioned, then found that it was not admissible as a book used to refresh the recollection of the witness, such a record not being-admissible as independent evidence of the facts testified to.
The two cases, Bendett v. Bendett, supra, and Leonard v. Taylor, supra, deal primarily with two differing and entirely distinct rules of practice. One, Leonard v. Taylor, supra, lays down the rule of evidence that the inspection and examination of a document, otherwise inadmissible, but called for by the party subsequently examining it, become admissible by reason of that inspection and examination. The case deals wholly with the conduct of a trial. The rule that it enunciates acts as a brake on a too wide or too searching hunt for evidence by protecting the party *214 who produces the document called for. In Bendett v. Bendett, supra, the court deals with another question of admissibility the admission by a party of a document used by a witness called by that party to refresh his recollection, and decides that such a document is not admissible by reason of such use. To make the two cases identical, there would have to be a situation where an attorney asked a witness on cross examination whether or not there was a document, not yet produced, which the witness had used out of court in refreshing his recollection and on being told that there was, demanded its production. If, upon production, the attorney should inspect it, the document, although inadmissible for the several reasons appearing in Bendett v. Bendett, supra, or for any other reason, would be admissible for the party producing it, under Leonard v. Taylor, supra. It would not be admissible, however, for a party whose witness had used it to refresh his recollection, under Bendett v. Bendett, supra.
Leonard v. Taylor, supra, is controlling of this case before us, but it may be well to point out another reason why the defendant must prevail, a reason which oddly enough was the deciding factor in Bendett v. Bendett, supra. The court stated in that case, (at page 1771 of the Advanced Sheets version of the opinion), “The burden was on the excepting party to show not only technical error, but also reasonable probability of harm.”
In the case at bar, the plaintiff fails to show technical error but he fails also to show any probability of harm. “Correct practice does not require that exceptions be sustained when it is not apparent upon the whole that some substantial error injuriously affecting the rights of the parties has been committed.” Larson v. Jeffrey-Nichols Motor Co., 279 Mass. 362, at 368. Gibbons v. Denoncourt, 297 Mass. 448, at 456. As far as the report in this case is *215 concerned the admission of the reports called for by the appellant may not have been in the least injurious to the plaintiff. There is no “vested interest” in a technical error if one has been committed. Slocum v. Natural Products Co., 292 Mass. 455, at 458.
No prejudicial error appearing the report is to be dismissed.