Lenhoff, J.
These proceedings concern an action by the purchaser of a corporation’s accounts receivable transferred to said purchaser by the corporation’s Assignee for the Benefit of Creditors. Among such accounts receivable is the account claimed to be owed by the defendant for goods sold and delivered in the sum of $14,326.00
The answer of the defendant (1) denied liability; (2) claimed some of the goods were defective or did not conform to sample thereby resulting in a failure of consideration; (3) claimed the defendant was entitled to advertising credits according to trade practice; (4) claimed that the plaintiff was not a good faith purchaser and was subject to the same defenses as to defective and non-conforming goods as was the original assignor of the claim that was assigned to the here-in named plaintiff; and (5) claimed that the account had been paid.
After trial, the Trial Court found for the plaintiff in the sum of $14,326.00 plus interest of $5,014.00. Said Court made no findings of fact except as is set forth in its disposition of the defendant’s Requests for Rulings of Law.
The evidence appearing in the report shows the claimed indebtedness of $14,326.00 due from the defendant to the original contracting party, the Worcester Bedding Co., Inc., is challenged by a payment of $15,299.40 claimed to be made thereon. The annual business transactions between the parties amounted to about $30,000.00, and it was contended that said payment was paid on the defendant’s account and did not apply to any particular invoice with the balance claimed due and outstanding.
Further, there was testimonial evidence supplemented by letters regarding complaints by the defendant concerning the Spring Air mattresses containing what is called a Karr Unit (back supports therein) contrary to labeling. This type of mattress represented about $4,200.00 from and out of the total $14,326.00 account. In response thereto, the Worcester Bedding Co., Inc. directed the defendant to arrange for an exchange of the merchandise it claimed was defective. Such arrangement never came to pass. Further, the defendant revealed it had taken appropriate action with thirteen of its *66 customers because of problems with the goods sold to it by replacing the merchandise from another manufacturer thereby sustaining a $6,000 loss. There was conflicting evidence as to whether the merchandise claimed defective should be picked up. Also, the said Worcester Bedding Co., Inc, stood ready to exchange any defective merchandise which was warranted, but the defendant took no action accordingly.
Seasonably, the defendant filed its Requests for Rulings.[2] (Same appear together with the Trial Court’s disposition stated.)
After trial, the Trial Court found for the plaintiff in the sum of $14,326.00 together with interest of $6,014.00. It made no separate findings of fact, but did make known some findings in disposing of the defendant’s Request for Rulings.
The defendant now seeks Appellate Division determination, asserting that it is aggrieved by the Trial Court’s ruling on admission of Trial Exhibit No. 2 and its disposition of its submitted Requests.
Defendant’s Requests numbered 1,2 and 3 are combined and considered as one because all together effectually set forth that the plaintiff as assignee of Worcester Bedding Co., Inc. is subject to the same defenses as it had or would have concerning said Worcester Bedding Co., Inc.
G.L. c.106, § 2-210 enables a party to assign all its rights to another. G.L. c.106, § 9-318 provides that unless a debtor makes an enforceable agreement *67 not to assert defenses or claims, the rights of an assignee are subject to all terms of the contract and any defense or claim arising therefrom.
In these proceedings, there is no agreement by the defendant present not to assert defenses or claims. Further, G.L. c.106, § 9-206 that states a buyer of consumer goods, unless subject to a statute or decision that establishes a different rule, can agree not to assert a claim or defense, has no application in the instant matter for the contract here is not of the installment or conditonal sales type.
Additionally, an assignee does not obtain any rights in addition to those held by the assignor, and the defendant is not placed in any worse position in an action by the assignee than he would have been if brought by the original party or assignor. Ginsberg Corp. v. C.D. Kepner Leather Co., 317 Mass. 581, 585-586 (1945).
Applying the foregoing to the defendant’s Request 1, 2 and 3, same should have been allowed and their denial is considered error.
Requests No. 4 & 5 include in each request facts not found by the Trial Court. In fact, the Trial Court’s response indicates, with clarity, that it considered the evidence of defective goods and failed to conclude that same were actually as claimed.
Hence, the denial was proper.
Concerning Request 6 and 7, both are “Upon all the evidence.” Their denial was correct as the defendant failed to specify the grounds required by Dist./Mun. Cts. R. Civ. P., Rule 64 (g), third sentence.
Regarding the grievance relative to the Trial Court’s ruling on the admission of Trial Exhibit No. 2, the claim of error is not properly before this body. The defendant failed to comply with Dist./Mun. Cts. R. Civ. P., Rule 64 (a) by not reducing to writing a request for report based on an evidentiary ruling within five (5) days after the close of the evidence. Krock v. Consolidated Mines & Power Co., 286 Mass. 177, 180 (1934).
Having disposed of all grievances except those where error appears, we are faced with deciding whether such error was of harm to the defendant and to its prejudice. A judgment will not be reversed for error not affecting the result. Bendett v. Bendett, 315 Mass. 59, (1943). Also, in said Bendett v. Bendett, supra, at p. 65, the Court said: “The burden was on the excepting party to show not only technical error but also reasonable probability of harm.” See H.E. Fletcher v. Commonwealth, 350 Mass. 316, 322, 323 (1966).
We recognize that a denial of a request made in error can be rendered immaterial by a Trial Court’s special finding of fact. Hoffman v. Chelsea, 315 Mass. 54, 55 (1943).
A close inspection of the entire record demonstrates that the facts reported taken together with the facts found by the Trial Court in its disposition of Request No. 4, determined and decided the issues raised by the defendant in its Answer. Liability, defective goods resulting in a failure of consideration; and, the defense that the account had been paid, all have been adequately considered. The general and ultimate finding for the plaintiff indicates that the Trial Court has found lack of payment was a liability found to exist: the verbiage employed in disposing of Request No. 4 reveals that the defendant failed by its evidentiary presentation to establish its failure of consideration defense. The Trial Court is free to reject conflicting oral testimony advanced by a party. Hamilton v. Hamilton, 325 Mass. 278, 279 (1950). Moroni v. Brawders, 317 Mass. 48, 56 (1944). These conclusions occurred after a full and complete trial of the issues that would have been barred had the Trial Court adhered to its rulings denied in error.
*68 Had the Trial Court failed to express that the claim of defective goods took place after the passage of nine months and being informed the goods could be exchanged by appropriate contact with the defendant not availing itself thereof plus that the defendant’s evidence did not support its claim of defective goods, this defense would not have been addressed. In such position, the thinking process of the Trial Court would not have been articulated fully and error heretofore mentioned would control. However, we hold to the contrary, thereby rendering the Requests that were denied in error, as immaterial. See Petition of New Bedford, Child & Family Service to Dispense with Consent to Adoption, 385 Mass. 482, 491 (1982). DiGesse v. Columbia Pontiac Co., 369 Mass 99, 102 (1975). Liberatore v. Framingham, 315 Mass. 538, 541, 542 (1944).
Here, there was a full hearing on the merits, with a certain conclusion reached. It appears that the defendant has not been harmed, error notwithstanding. The rendered decision was warranted and properly made for the prevailing party, same being based on the evidence reported and the facts found. In such circumstances, one should not be subject to a second trial and the expense involved when it seems clear that no other or different outcome can result. The defendant had its day in court. Frost v. Kendall, 320 Mass. 623, 626. (1947). Also, see Freeman v. Robinson, 238 Mass. 449, 451-452 (1921).
Finding no harmful or prejudicial error, the Report be and is hereby dismissed.

 Request No. 1 that the Plaintiff is an assignee of Worcester Bedding Co.,Inc.
Court: I find that the a good purchaser receivable of Worcester Bedding Co., Inc. pursuant to a public auction sale conducted by the Assignee for the Benefit of the Creditors of Worcester Bedding Co., Inc. of Worcester, Massachusetts, including the account owed by the Defendant to Worcester Bedding Co., Inc.
Request No. 2 that the Plaintiff as holder of the account allegedly owed by the defendant to Worcester Bedding Co., Inc. is subject to the same defenses relative to said account as Worcester Bedding Co., Inc.
Court: Denied. I find as a fact that the Plaintiff purchased certain real, personal and mixed property at a public auction sale conducted by the Assignee for the Benefit of Creditors of Worcester Bedding Co., Inc. of Worcester, Massachusetts, free from any security interest or other lien or encumbrances except a security interest in favor of the Guaranty Bank & Trust Company of Worcester, Massachusetts.
Request No. 3 that the Plaintiff as holder of the account allegedly owed by its Defendant to Worcester Bedding Co., Inc. is subject to the defenses of failure of consideration, defective goods and non-conforming goods relative to said account.
Court: Denied for the same reasons as in number 2.
Request No. 4 that the sale and delivery to the Defendant by Worcester Bedding Co., Inc. of Spring Air Mattresses represented as containing back supporter units which in fact did not have such units requires a finding of failure of consideration, wherefore the defendant is not liable in this action relative to said mattresses.
Court: Denied. I find as a fact that the defendant first claimed that certain goods were defective nearly nine months after receiving its first shipment. Further, after being informed by the manufacturer of the allegedly, defective merchandise that same could be exchanged by contacting the Plaintiff, no exchange or contact was ever attempted. Other than the testimony of Mr. Edward Regan, president of the defendant corporation, no real that is “demonstrative evidence," or expert testimony was introduced by the defendant in support of its claim that certain goods were defective.
Request No. 5 that since there are at least a dozen instances of Spring Air mattresses sold to the defendant by Worcester Bedding Co., I nc., which were found to be defective or examined and found to be lacking the back supporter units contrary to representations and labelling of said Worcester Bedding Co., Inc. this demonstrates a deliberate pattern of misrepresentation by said Worcester Bedding Co., Inc. with respect to said defendant wherefore the defendant is not liable in this action.
Court: Denied. I do not find. See response in request Number 4.
Request No. 6 Upon all the law and the evidence, a finding for the defendant is required.
Court: Denied
Court: Denied
Request No. 7 Upon all the laws and the evidence, a finding for the Plaintiff is not warranted.