ABRAHAM F. FISHER *vs.* MANUEL SWARTZ.

Dukes County.    October 31, 1955. — November 30, 1955.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Evidence*, Record of past knowledge, Business records, Competency,
  Best and secondary, Discretionary control of evidence.

A paper admitted in evidence was not admissible as a business record
  under G. L. (Ter. Ed.) c. 233, § 78, where there was no express pre-
  liminary finding of the facts prerequisite to its admission as such and
  an implication of such a finding from its admission was precluded since
  it appeared that counsel and the judge had dealt with the paper as
  merely a memorandum aiding one of the parties in testifying and not as
  something within the statute.  [266–267]
A written statement containing more than one hundred items of charges
  for labor and materials, a copy of which was "testified from" by the
  plaintiff as a witness in an action for such labor and materials and was
  used by him as a "memorandum from which . . . [he] read," and the
  original of which he thereupon sought to obtain from the defendant
  for introduction in evidence, should be treated as a record of the
  witness's past knowledge rather than as a writing used to stimulate his
  present recollection.  [267]
A record of a witness's past knowledge incorporated in his testimony by
  being "testified" and "read" from by him became thereupon itself
  admissible in evidence in the discretion of the judge.  [268–270]
A refusal by counsel in court during a trial to produce an original paper
  which he admitted he had and which opposing counsel requested him
  to produce for introduction in evidence entitled the opposing counsel
  to introduce a carbon copy of it.  [271]

CONTRACT.   Writ in the District Court of Dukes County
dated February 28, 1951.

Upon removal to the Superior Court the action was tried
before *Warner*, J.

*Joel Goodman*, for the defendant.
*Aram Garabedian*, (*H. Hoover Garabedian* with him,) for
the plaintiff.

SPALDING, J.   In this action of contract to recover for
labor and materials alleged to have been furnished to the

defendant the plaintiff had a verdict. The case is here on the defendant's exception to a ruling on evidence.

The plaintiff testified that he furnished certain labor and materials in repairing a house owned by the defendant. While testifying he "refresh[ed] his recollection" from a carbon copy of an itemized statement of charges made for the labor and materials furnished by him. The statement contained more than a hundred items. The original of this statement had been sent to the defendant. Following the use of the copy to aid his testimony, the plaintiff offered it in evidence and the defendant objected.[1] At the close of the colloquy set forth in the footnote the copy was admitted in evidence subject to the defendant's exception.

In support of the ruling the plaintiff argues that the statement contained business entries which were admissible under G. L. (Ter. Ed.) c. 233, § 78. But there is lacking here the preliminary finding by the judge of the statutory prerequisites. It is true that if nothing to the contrary appears the admission of the entries implies a finding of the facts prerequisite to their admission. *Chadwick & Carr Co.* v. *Smith,* 293 Mass. 293, 295. *Sellew* v. *Tuttle's Millinery Inc.* 319 Mass. 368, 371. But here the contrary does appear. It is apparent from the record that no attempt was made to bring the statement within the statute and that counsel and the judge dealt with it on the basis of a memorandum which

---

[1] What occurred thereafter will be quoted from the record. "THE JUDGE: What is the objection? There was no objection to his reading it. What is the objection to its being received? COUNSEL FOR THE DEFENDANT: There was no objection to having him read it to refresh his recollection, but I have an objection to having it introduced because it is a self serving instrument and, therefore, inadmissible. The fact that he may have sent an original or a copy of that to a debtor does not make it admissible. . . . COUNSEL FOR THE PLAINTIFF: I offer either . . . [the copy] or the original. COUNSEL FOR THE DEFENDANT: I am admitting that we have the original . . . . COUNSEL FOR THE PLAINTIFF: Let me have it so I can offer it. If he refuses, Your Honor, I have no alternative but to ask [for the] introduction of this carbon copy. THE JUDGE: It is a question of the original. Are you declining to produce it or not? COUNSEL FOR THE DEFENDANT: I am, Your Honor. COUNSEL FOR THE PLAINTIFF: Well, I ask that this be offered. THE JUDGE: Well, now, inasmuch as this paper here has been used and testified from, and inasmuch as I don't conceive how any person could ever carry all of these items in his own mind, I am admitting it . . . in evidence as the memorandum from which this witness read, and I am leaving it to the jury to determine as to the credibility of it when they consider it. But this is the paper that he testified to, and I am allowing it to go in for that purpose."

had aided the plaintiff while testifying.   There is no basis, therefore, for assuming that the judge made the required preliminary findings.

If the evidence is admissible it must be on other grounds. A writing may be used by a witness in different ways.   He may use it to revive or stimulate a present recollection, or, having no present recollection even with the aid of the writing, he may use it merely as a record of his past knowledge. Professor Wigmore has classified these situations as "present recollection revived" and "past recollection recorded" and several courts in recent years have employed these designations.   Wigmore on Evidence (3d ed.) §§ 758, 734. *United States* v. *Riccardi,* 174 Fed. (2d) 883 (C. A. 3), and cases therein collected.   In order to decide whether the statement in question was admissible it becomes necessary to determine to which of these classifications it belongs, for the legal consequences are not the same.   In a case of "present recollection revived" the witness, although he may use the writing to refresh his recollection, must testify to the fact as he remembers it and he may not read or show the writing to the jury.   But in a case of "past recollection recorded" the judge in his discretion may permit a witness "to incorporate in his testimony a writing expressive of his past knowledge, and to read it and even to show it to the jury."   *Bendett* v. *Bendett,* 315 Mass. 59, 64.   The rules applicable to these two situations were made clear in the case just cited which collected many authorities, and further citation is unnecessary.   While the record in the case at bar is not as clear as it might be, we think that it may fairly be inferred that the writing was a record of the witness's past recollection and was treated as such by counsel and the trial judge.   We are confirmed in this belief by the facts that the statement contained more than a hundred items and was "the memorandum from which . . . [the] witness read," and that an attempt was made by the plaintiff to obtain the original.   The original is *not* necessary in a case of "present recollection revived" but *is* necessary, if procurable, in a case of "past recollection recorded."

Wigmore on Evidence (3d ed.) §§ 760, 749. McCormick on Evidence, §§ 9, 278. *Shove* v. *Wiley*, 18 Pick. 558, 563. *Jewett* v. *United States*, 15 Fed. (2d) 955 (C. C. A. 9).

The defendant does not argue that the statement was not a record of past recollection. His position in substance is that it is not admissible in any event, and he relies on *Bendett* v. *Bendett*, 315 Mass. 59, cited above. That that case sustains the defendant's contention cannot be gainsaid. There the plaintiff while testifying had used a diary kept in the usual course of business to "refresh his recollection." It is not clear from the opinion — and an inspection of the original papers furnishes no additional light — whether the memorandum revived a present memory or was a record of past recollection. The opinion dealt with the question on the basis that it might have been the latter. So treated, the court said that it saw "no reason for denying to the trial judge discretion to permit a witness to incorporate in his testimony a writing expressive of his past knowledge, and to read it and even to show it to the jury" (page 64). But, as the court pointed out, the judge went farther and admitted the writing as independent evidence and not as a part of the testimony of the plaintiff. This was held to be error. The court recognized that in some jurisdictions, "because of the slight practical difference between the incorporation of a writing in the testimony of a witness and the admission of the writing as evidence by itself, a written record of the past knowledge of a witness is held admissible in evidence" (page 64). The court, nevertheless, was of opinion that "such a writing under some circumstances might have some inherent evidential weight independently of its adoption by the witness as the expression and embodiment of his testimony. In such a case, neither party would be entitled to have that weight thrown into the scale, on the merits of the case, unless the writing should be admissible on some other ground" (page 65).

In view of the importance of this question in the trial of causes we are disposed to reconsider it. Further study of the question has convinced us that both reason and authority

lead to the conclusion that the writing ought to be admissible as evidence. It is to be noted that in the *Bendett* case a majority of the court was of opinion that, although it was error to permit the memorandum to be put in evidence, the error, nevertheless, was harmless. The reason was that the witness had testified with respect to the items contained in the memorandum and had been cross-examined about them. "Thus," said the court, "the jury had been made familiar with everything material that was contained in the book. The admission of the book in evidence merely put before their eyes what they knew already. So far as appears there was nothing in the sight of the items in the book that was more convincing than the testimony of the plaintiff that they were the items in an account that he knew to be true. We do not see how the defendant was harmed" (page 65). But that would be the case in most if not all situations where a memorandum of past recollection was put in evidence. Prior to its admission the witness would usually have read to the court or jury the contents of the memorandum, and its admission as evidence, since it would have added little or nothing, would generally be treated as harmless error. We prefer a less squeamish approach to the question. Rather than to say the admission of the writing is error, but error that does no harm, we think that it is better to say that there is no error at all.

This is the prevailing view elsewhere and is favored by distinguished scholars in the field of evidence. *Insurance Companies* v. *Weides,* 14 Wall. 375. *Schoborg* v. *United States,* 264 Fed. 1 (C. C. A. 6). *Ettelson* v. *Metropolitan Life Ins. Co.* 164 Fed. (2d) 660, 667 (C. C. A. 3). *Fowler* v. *Stanford,* 89 Atl. (2d) 885, *Roll* v. *Dockery,* 219 Ala. 374. *Kinsey* v. *State,* 49 Ariz. 201. *St. Louis Southwestern Railway* v. *White Sewing Machine Co.* 78 Ark. 1. *Curtis* v. *Bradley,* 65 Conn. 99, 107–114. *Neff* v. *Neff,* 96 Conn. 273, 278–279. *People* v. *Harrison,* 384 Ill. 201. *State* v. *Easter,* 185 Iowa, 476, 480–481. *Cogswell* v. *Frazier,* 183 Md. 654, 661. *Haven* v. *Wendell,* 11 N. H. 112. *Lawrence* v. *Farwell,* 86 N. H. 59, 63–64. *Cottentin* v. *Meyer,* 51 Vroom, 52.

*Jackson* v. *Pioneer Adhesive Works, Inc.* 132 N. J. L. 397, 400–401. *State* v. *Gross,* 31 Wash. (2d) 202, 214–215. Wigmore on Evidence (3d ed.) § 754. McCormick on Evidence, § 278. See Maguire, Evidence, Common Sense & Common Law, pages 37–39. See also annotation in 125 A. L. R. 19, 165 et seq.; Am. Law Inst., Model Code of Evidence, Rule 504. As the Supreme Court of Errors aptly said in a well considered opinion, "It seems to us to be pressing the use of a legal fiction too far, for a court to permit the statement made by such paper to be read as evidence, while holding that the law forbids the admission as evidence of the paper which is the original and only proof of the statement admitted." *Curtis* v. *Bradley,* 65 Conn. 99, 109. Accordingly we are of opinion that the judge in the case at bar did not err in admitting the statement in question and that to the extent that the *Bendett* case is opposed to this view we decline to follow it.

We are not to be understood as laying down a hard and fast rule that in every "past recollection recorded" situation the writing used by the witness must always be admitted in evidence, and that it is error to exclude it. As Professor Wigmore has well said, the rules governing "present recollection revived" and "past recollection recorded" have been "too reverently regarded as inflexible dogmas." "Courts," he said, "should cease to treat them as anything but provisional and crude aids to truth. The trial court's discretion should be allowed to control." Wigmore on Evidence (3d ed.) § 755. (The Model Code of Evidence is to the same effect. Rules 303 and 504.) With this view we are in agreement. It is conceivable that there might be situations where the probative value of the writing as evidence might be outweighed by the risk that its admission might create substantial danger of undue prejudice or of misleading the jury. In such a case the trial judge in the exercise of sound discretion might be justified in excluding the writing.

As we stated earlier, the original writing must be produced, if procurable, in a case of "past recollection recorded."

Here a copy was put in evidence, but before that was done the defendant, who had the original in court, was asked by the plaintiff to produce it and he refused.   In these circumstances the plaintiff had a right to introduce secondary evidence.   See *Leonard* v. *Taylor*, 315 Mass. 580, 581–582.

*Exceptions overruled.*