*Northern District*

No. 6373

**HARVEY LAZARUS**

**v.**

**ISABEL I. CONTE**

See: 17 **LEGALITE** 643 and 12 **LEGALITE** 339.

*Present:* Brooks, P. J., Connolly, Yesley, J. J.

Argued: Feb. 8th 1967    Decided: Mar. 29, 1967

Case tried to *Viola, J.* in the Third District Court of Eastern Middlesex No. 1678 of 1965.

*Brooks, P. J. This is an action of tort* brought by plaintiff for property damage to his vehicle allegedly occurring August 6, 1964 at about 11:30 P.M. on Edinboro Street, Boston where his vehicle was lawfully parked when damaged by the defendant's negligent operation. The answer is general denial, contributory negligence, and other defenses not material.

Plaintiff called one Lillian Kasarjian, who testified that she witnessed an automobile collide with plaintiff's automobile at the time and place alleged in plaintiff's declaration. She stated that both she and her daughter took the registration number of the moving car, and they compared the number that each had taken and that they agreed. She testified that she threw her paper away but that shortly after this took place, she gave the other slip of paper written by her daughter to plaintiff.

When Mrs. Kasarjian testified that she was unable to recall the registration number she was shown a slip of paper bearing a registration

number and was asked if it refreshed her recollection as to the number. She stated that she recognized the writing of her daughter and that it was the same paper she had given plaintiff at the scene of the accident, but that it did not refresh her recollection as to the number itself.

When plaintiff offered the slip of paper in evidence the judge, on the objection of defendant, excluded it and at the conclusion of the trial found for defendant. There was no other evidence. Plaintiff claimed to be aggrieved by the exclusion of the slip of paper.

This case comes within the classification referred to in Handbook of Massachusetts Evidence by Leach & McNaughton, Third Edition, pp. 46-47 — ''Past Recollection Recorded''.

> ''Where a witness has forgotten the events and where no memorandum can make him recall them again, nevertheless if he can testify that a memorandum presented to him was made or seen by him when the events were fresh in his mind, that the memorandum then accurately described the events, and that this paper is the memorandum, he may, in the discretion of the trial judge, incorporate the memorandum in his testimony by reading it; and it is within the judge's discretion to permit the proposing party to introduce the writing in evidence.'' *Fisher* v. *Swartz*, 333 Mass. 265. See also *Kagan* v.

*Levenson,* 334 Mass. 100, 107. *Commonwealth* v. *Daugherty,* 343 Mass. 299, 306.

The whole subject of recollection refreshed and recorded is covered extensively in 125 ALR 19, 82 ALR 2nd, 485-604. See more especially *State* v. *Bradley,* 361 Mo. 267, *United States* v. *Riccardi,* 174 Fed. 2nd 883 in which the reasons are set forth for giving the Court discretion in the matter of admitting evidence orally or in writing.

The situation here is somewhat analogous to the case where a witness has refreshed his recollection from some writing. The Courts are not unanimous as to the admissibility of the writing. The Massachusetts doctrine is clearly stated in *Leonard* v. *Taylor,* 315 Mass. 580, 583:

> "The right of an opposing party to examine any paper used to refresh the recollection of any witness on the stand at the trial is beyond doubt. The cases on the point are cited in the recent decision of *Bendett* v. *Bendett,* ante, 59, 62. But to extend this right to every paper seen by a witness in the preparation of the case before trial is a different matter. Such an extension of the principle might turn every trial into a fishing expedition and place a powerful weapon in the hands of an unscrupulous attorney."

The judge could have admitted the paper, but he did not see fit to do so. There is here

not even an offer of proof as to what the registration would show.

There being nothing before the court to connect defendant's car with the accident, the matter of admissibility being entirely within the discretion of the court, and there being no evidence of abuse of that discretion, the report will have to be dismissed.

GLEN M. SHRIBERG
 for plaintiff
ROBERT L. ATHAS
 for defendant