**James F. WRIGHT, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 9807.**

District of Columbia Court of Appeals.

Argued June 8, 1976.

Decided July 14, 1976.

Lois E. Bruckner, pro hac vice, for appellant. Alan B. Soschin, Washington, D. C., was on the brief for appellant.

Mary H. Weiss, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and William D. Pease, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, NEBEKER and HAR-RIS, Associate Judges.

NEBEKER, Associate Judge:

Appellant is appealing his conviction by a jury of two counts of armed robbery (D.C.Code 1973, §§ 22–2901, –3202), and one count of unauthorized use of a motor vehicle (D.C.Code 1973, § 22–2204). He contends that the trial court's refusal to admit as evidence of past recollection recorded a police report containing descriptions of robbers given by the complaining witness deprived the jury of favorable identification evidence and requires a new trial. We disagree and affirm the conviction.

On the evening of July 1, 1974, two cab drivers were robbed within hours of each other. Both robberies were similar in the manner in which they were committed. The first victim gave a description of the

perpetrators to the policewoman who arrived on the scene. Apparently, she made handwritten notes which she later incorporated into a police department form (P.D. 251). The victim identified appellant at a lineup and in court. At trial, the victim testified as to the description he gave to the policewoman at the scene. This description differed from what was recorded on the report (P.D. 251). Defense counsel called the policewoman, who testified that she could not recall the description without referring to the report. She then read to the jury the description as recorded on the report. Defense counsel then sought to have the report formally admitted into evidence on the theory that it was past recollection recorded. The purpose appeared to be that if formally admitted, the report would have greater impeaching impact than it did when read to the jury.

■ A document offered as past recollection recorded is in effect a substitute for the witness' present memory and is offered for the truth of its contents. *Hamilton v. Blankenship*, D.C.Mun.App., 173 A. 2d 737 (1961). In the usual situation, the witness is both the observer and preparer of the document that is offered as past recollection recorded. However, there is also the situation that we have here where the observer reports what he saw to a second individual, who then makes a record of it. At trial, the observer is permitted to testify from the recorder's memorandum, which is thereafter admitted into evidence as the observer's testimony *only* if the observer's memory is exhausted and cannot be refreshed, and the recorder can testify to the accuracy of the document. J. Wigmore, Evidence in Trials at Common Law § 734 *et seq.* (rev. ed. Chadbourn 1970). Here, the victim (observer) testified at trial with full memory. Therefore, the trial court was correct in ruling that the document could not be admitted into evidence as past recollection recorded as it did not satisfy the criteria. Accordingly, the conviction is

*Affirmed.*