Commonwealth v. Greene.

COMMONWEALTH vs. JAMES GREENE.

Suffolk. January 14, 1980. — May 9, 1980.

Present: BROWN, GREANEY, & DREBEN, JJ.

*Evidence*, Record of past knowledge, Contradiction of witness, Conflict-
ing statements of witness, Leading question, Hostile witness. *Consti-
tutional Law*, Confrontation of witness. *Practice, Criminal*, Failure
to make objection, Argument by prosecutor. *Witness*, Impeachment,
Hostile witness.

At a criminal trial, the judge did not err in admitting for its full probative
value a witness's signed statement to the police which identified the
defendant as the perpetrator of the crime where the witness testified
that the statement was true at the time it was made but would not at-
test to its truth at the time of the trial. [689-692]

At a criminal trial, the judge did not err in permitting two police officers
to testify pursuant to G. L. c. 233, § 23, to prior inconsistent
statements made by the victim only where the victim's testimony at
trial contradicted his earlier statements and where the judge gave in-
structions limiting the jury's consideration of the statements to im-
peachment purposes. [692-693]

At the trial of a defendant charged with assault and battery by means of a
dangerous weapon, the judge did not abuse his discretion in declaring
the victim and another witness to be hostile witnesses or in permitting
the prosecutor to ask them leading questions where both witnesses re-
fused to implicate the defendant at trial although each had, prior to
trial, made statements that the defendant had shot the victim; nor did
he err in permitting the prosecutor in closing to argue that the witness
testified as she did at trial because of fear where such an argument was
a fair inference warranted by the evidence. [693]

INDICTMENT found and returned in the Superior Court on
March 22, 1978.

The case was tried before *Jablonski*, J., a District Court
judge sitting under statutory authority.

*Charles A. Clifford* for the defendant.

*Michael J. Traft*, Assistant District Attorney, for the
Commonwealth.

DREBEN, J. The defendant was convicted on an indictment charging him with assault and battery by means of a dangerous weapon. At trial, the victim, Thomas O'Neil, and his former girlfriend (Burns) refused to implicate the defendant, although each had, prior to trial, made statements that Greene had shot O'Neil. The defendant in his appeal claims the judge erred in admitting in evidence prior statements of Burns and O'Neil, in finding that both were hostile witnesses, and in allowing the prosecutor, in closing argument, to urge that Burns testified as she did at trial because she was "scared." We affirm the conviction.

1. *Burns' prior statement.* Burns testified that, on the night of shooting, she witnessed a fight in her apartment between the defendant's brother and O'Neil in the aftermath of which Greene's brother had been bleeding. Burns left to call the police, and on her return, she found O'Neil still in the apartment. He left a few minutes later, and she followed him to Bunker Hill Street in Charlestown. Although she did not remember whether she saw or heard anything unusual, she testified that she had been present during the shooting, and that O'Neil had been shot at a distance from her of only fifteen feet. After she testified that she could not recall any person who had been at the scene, she was asked whether she remembered giving a statement shortly after the shooting to a police officer. She acknowledged that she had made a statement to a police officer named Timmy Callahan in which she had indicated that she knew who had shot O'Neil. Burns was then shown the statement. Thereafter, she testified that she gave the statement about fifteen minutes after the shooting, that she signed the statement, and that the statement was true at the time she signed it. When asked, "Is there any reason why the statement shouldn't be true today if it was true February 7, 1978?" (the day of the shooting), the witness answered, "No, I don't know." She would not say the statement was true at the time of trial. "Today, I don't remember." In reference to the question whether James Greene had shot O'Neil, she stated, "I don't remember seeing it but I do remember saying it."

The judge allowed the prosecutor, over the defendant's objection, to read to the jury and introduce as an exhibit the police report containing Burns' signed statement. It identified Greene as the assailant and also indicated that Greene at a later time had pointed his gun at Burns, as well.

Stressing the crucial importance of the statement, the defendant argues that, at most, Burns' statement should have been admitted for impeachment purposes and not for its full probative value. He claims that in order to be admissible for its truth, a statement must be adopted by the witness as being true at the time of trial. Here, Burns testified only that the statement was true at the time it was made and would not attest to its truth at the time of the trial. The defendant correctly points out that the cases cited by the Commonwealth are distinguishable. In *Commonwealth* v. *Fiore,* 364 Mass. 819, 823 (1974), the witness stated that the earlier statement was the truth, with the implication that the witness meant it was true at the time of the trial. Similarly, in *Catania* v. *Emerson Cleaners, Inc.,* 362 Mass. 388, 389-390 (1972), the witness agreed that "his memory was better at the time he gave the statement than it was at the trial . . . ."

However, under the past recollection recorded exception to the hearsay rule, it is not required that a statement be adopted as being true or more accurate at the time of trial to be admissible. What is required is that the witness "assert that the record *correctly represented his knowledge and recollection* at the time of making." 3 Wigmore, Evidence § 746(2) (Chadbourn rev. 1970). *United States* v. *Edwards,* 539 F.2d 689, 691-692 (9th Cir.), cert. denied, 429 U.S. 984 (1976). Fed.R.Evid. 803(5). Proposed Mass.R. Evid. 803(5). See also *Fisher* v. *Swartz,* 333 Mass. 265, 267 (1955); *Commonwealth* v. *Dougherty,* 343 Mass. 299, 306 (1961). It is exactly where, as here, the witness does not have a present memory and hence is currently unable or unwilling to adopt her prior statement as true, that prior written statements are admissible for their full probative value, in the discretion of the trial judge, as past recollection

recorded. See Leach & Liacos, Massachusetts Evidence 83-84 (4th ed. 1967). The trial judge did not abuse his discretion in allowing the statement to be read or in admitting the statement in evidence. *Fisher* v. *Swartz*, 333 Mass. at 270. But see Fed.R.Evid. 803(5) and proposed Mass.R. Evid. 803(5) which permit a memorandum to be read but not to be received as an exhibit unless offered by an adverse party.

The defendant raised no objection at trial nor does he argue on appeal that Burns' failure of memory so affected the defendant's right of cross-examination as to violate his confrontation rights. See *California* v. *Greene*, 399 U.S. 149, 168-170 (1970). See generally Liacos, The Right of Confrontation and The Hearsay Rule: Another Look, 34 J. Am. Trial Law. Assn. 153, 158-159, 173 (1972); Graham, The Confrontation Clause, the Hearsay Rule, and the Forgetful Witness, 56 Tex. L. Rev. 151 (1978). Here, the witness at trial had a clear memory of making and signing the statement, and could be cross-examined on the circumstances surrounding its making. *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 409 (1978). Moreover, the reliability of the earlier statement was not put in question by the witness. In these circumstances, in light of the limited scope of our review where an issue has not been raised below, see *Commonwealth* v. *Monsen*, 377 Mass. 245, 250-251 (1979), we conclude that no further discussion of the confrontation issue is required. *United States* v. *Williams*, 571 F.2d 344, 350 (6th Cir.), cert. denied, 439 U.S. 841 (1978).[1]

---

[1] We note in passing that the introduction of evidence under the past recollection recorded exception to the hearsay rule has been held not to violate a defendant's right of confrontation by several Federal Circuit Courts of Appeal, e.g., *United States* v. *Kelly*, 349 F.2d 720, 770 (2d Cir. 1965), cert. denied, 384 U.S. 947 (1966); *United States* v. *Smalls*, 438 F.2d 711, 714 (2d Cir.), cert. denied, 403 U.S. 933 (1971); *United States* v. *Marshall*, 532 F.2d 1279, 1285 (9th Cir. 1976). Even where the prior statement did not meet the requirements of past recollection recorded, it has been held that the defendant was not deprived of his confrontation right by a substantive use of the statement where the witness was present at trial and remembered making the statement, e.g., *United States ex rel.*

That portion of Burns' statement which identified Greene was also admissible on an independent ground; "when a witness is unable or unwilling to make an in-court identification, out-of-court identifications may be admitted as substantive evidence of guilt as long as the defendant's due process and confrontation rights are satisfied." *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 408 (1978) (extrajudicial statements as well as photographic identifications admitted). Fed.R.Evid. 801(d)(1)(C). Proposed Mass.R. Evid. 801(d)(1)(C).

The defendant also argues that the police report contained statements of police officers which should have been excised. This claim has no merit because at the time the police report was read to the jury, the defendant did not request, as required, that the portion of the report to which he objected be deleted. *Commonwealth* v. *Sandler*, 368 Mass. 729, 738 (1975). *Commonwealth* v. *Hollyer*, 8 Mass. App. Ct. 428, 432-433 (1979).

2. *O'Neil's prior statements.* The trial judge, pursuant to G. L. c. 233, § 23, which states the conditions under which a party may impeach his own witness, permitted two police officers to testify to prior inconsistent statements made by O'Neil. His prior statements would not have been admissible under the statute had he only claimed a failure of memory at trial. *Commonwealth* v. *Reddick*, 372 Mass. 460, 463 (1977). *Commonwealth* v. *Cobb*, 379 Mass. 456, 463 (1980). However, O'Neil went beyond saying he did not remember. At trial, he testified that he did not see who shot him and that he did not see the gun. A police officer who had accompanied O'Neil to the hospital shortly after

---

*Thomas* v. *Cuyler*, 548 F.2d 460, 462-463, and cases cited in n.2 at 463 (3d Cir. 1977). One court has held the confrontation right satisfied where the witness did not remember making the prior statement. *United States* v. *Payne*, 492 F.2d 449, 451-454 (4th Cir.), cert. denied, 419 U.S. 876 (1974). Compare *United States* v. *Orrico*, 599 F.2d 113 (6th Cir. 1979), where the court found the weight of the prior statements insufficient where they "barely, if at all" met the minimal requirements of admissibility. *Id.* at 118.

the shooting testified that at that time O'Neil described the gun as a Barretta. The second officer testified to statements made by O'Neil at a meeting with the prosecutor, the witness and another police officer a few days prior to trial. After a voir dire hearing on O'Neil's claim that he was under the influence of drugs at the time of the meeting, the judge ruled the police officer could testify. The latter testified that O'Neil said he saw Greene pull out a .22 green Barretta, and then Greene shot him. The judge gave clear instructions limiting the jury's consideration of the statements for impeachment purposes. There was no error in admitting the testimony of the two officers concerning O'Neil's prior statements for the reasons set forth in *Commonwealth* v. *Cobb*, at 462-465.

3. *Other alleged errors.* The judge did not abuse his discretion in declaring both Burns and O'Neil to be hostile witnesses or in permitting the prosecutor to ask them leading questions in light of their incredible failures of memory. *Commonwealth* v. *Fiore*, 364 Mass. 819, 826 (1974). *Commonwealth* v. *Monahan*, 349 Mass. 139, 162 (1965). Nor did he err in permitting the prosecutor in final argument to argue that Burns testified as she did because she was scared. Although Burns testified that she was only scared of making a misidentification, the jury were not required to believe that testimony. Her statement to the police revealed that Greene had threatened to shoot her. It was also reasonable to conclude from the evidence that Greene had shot O'Neil in retaliation for the latter's having fought with Greene's brother. Accordingly, the argument that Burns was fearful at trial was a fair inference warranted by the evidence. *Commonwealth* v. *Fitzgerald*, 376 Mass. at 416-418. *Commonwealth* v. *Campbell*, 378 Mass. 680, 703 (1979).

*Judgment affirmed.*