COMMONWEALTH *vs*. WILLIAM G. GALVIN.

No. 87-1202.

Middlesex.   December 16, 1988. — March 22, 1989.

Present: PERRETTA, SMITH, & WARNER, JJ.

*Evidence,* Record of past knowledge, Hearsay, Best and secondary. *Practice, Criminal,* Argument by prosecutor.

At the trial of a complaint alleging motor vehicle violations, evidence of a
   registration plate number that was recorded in a police report and which
   matched the number on the defendant's registration certificate was cor-
   rectly admitted with the proper foundation as past recollection recorded.
   [151-153]
At a criminal trial no substantial risk of a miscarriage of justice was created
   by the prosecutor's fair comments on certain photographs of the defend-
   ant's car that had not been received in evidence. [153-154]

COMPLAINT received and sworn to in the Woburn Division
of the District Court Department on July 16, 1986.

In the jury session of the Lowell Division the case was tried
before *Edward M. Viola,* J.

*James D. Barretto (Terrence W. Kennedy* with him) for the
defendant.

*Kathy S. Rabin,* Assistant District Attorney, for the Com-
monwealth.

WARNER, J.   The defendant appeals from convictions by a
District Court jury of operating a motor vehicle so as to en-
danger, leaving the scene of an accident after causing personal
injury, and speeding. He argues error in the admission of
evidence of his registration plate number and in certain remarks
of the prosecutor in her closing argument.

Excluding for the moment the challenged testimony, we
sketch the essential evidence. On July 7, 1986, between 8:40
and 9:00 P.M., a car driven by Elizabeth Butler was struck
from behind by a brown Chevrolet Camaro automobile which,

within seconds, left the scene. Butler and her passenger, her fifteen year old daughter, Michelle, were injured. Michelle and a thirteen year old boy, who was in a nearby car, identified the defendant as the driver of the Camaro from photographic arrays; both also made in-court identifications. In addition, Michelle made a prior identification in a courthouse lobby.

1. The disputed testimony as to the registration plate number came from Burlington police Sergeant Walter Bevis, who was the investigative officer. The foundation for that testimony came from the testimony of Robert Lee and Bevis and was as follows. Lee was driving in the area with his wife when he observed the accident in the rearview mirror of his car. He pursued the Camaro to within about twenty feet and observed its registration plate number. Lee repeated the number in his mind until his wife located a pen, whereupon Lee wrote the number on his hand.

Lee returned to the scene of the accident and reported the number to Bevis, who recorded it on a notebook. Lee had correctly written the number on his hand and had observed Bevis correctly record the number. Lee had no present recollection of the number. Bevis testified that he correctly recorded the number on a notebook. The next day he accurately copied the number from the notebook to his police report of the accident and discarded the notebook sheet containing the number. Over the defendant's objection, Bevis was allowed to testify that the registration plate number he recorded was 824-JSY [1], which matched the number appearing on the certificate of registration of the defendant's Camaro, which was then introduced. Despite the many "inaudibles" in the transcription of the colloquy between the judge and counsel, it is reasonably clear that the basis of the defendant's objection was the claimed failure of the prosecutor to lay a proper foundation for the admission of Bevis's testimony as past recollection recorded.

The common law exception to the hearsay rule allowing the incorporation in testimony of past recollection recorded is well

---

[1] We are satisfied from our review of the transcript and the form of the question asked of Bevis that he testified to the number from the police report, which he had with him.

established in Massachusetts. See *Commonwealth* v. *Bookman*, 386 Mass. 657, 663 (1982). The most familiar application of the doctrine involves the use of a record made or adopted by the witness. In order that the witness may testify from the record (or have the record introduced in evidence, see *Fisher* v. *Swartz*, 333 Mass. 265 [1955]), it must first be established that the witness (1) has insufficient recollection to enable him to testify fully and accurately, (2) had personal knowledge of the facts recorded, (3) had knowledge that the record was accurate when made, and (4) had the events fresh in his mind when the record was made. See *id.* at 663-664. Liacos, Massachusetts Evidence 92-94 (5th ed. 1981); Fed.R.Evid. 803(5); Proposed Mass.R.Evid. 803(5). Here, had Lee made a permanent record of the registration plate number, its contents or the record itself would have qualified for admission as past recollection recorded.

If the notes made by Bevis had been preserved, their contents would have been admissible through the testimony of either Lee, as an adopted record, Lee having testified that he observed Bevis correctly record the number, see *Commonwealth* v. *Bookman, supra* at 663, or by Bevis under a double application of the principle of past recollection recorded. Under the latter theory, "if A [Lee] has reported events to B [Bevis], who has recorded them, the record made by B may be used if A will testify that he reported correctly and if B will testify that he recorded correctly." Liacos, Massachusetts Evidence at 94. See *Whitney* v. *Sawyer*, 11 Gray 242 (1858); *Swart* v. *United States*, 394 F.2d 5, 6 (9th Cir. 1968); *United States* v. *Booz*, 451 F.2d 719, 725 (3d Cir. 1971); *Wright* v. *United States*, 360 A.2d 41, 42 (D.C. 1976). Compare *Eldridge* v. *United States*, 492 A.2d 879, 883 (D.C. 1985). See also Fed.R.Evid. 803(5) advisory committee's note; Report of the Senate Commission on Judiciary, Fed. Rules of Evidence, S.R. Doc. No. 1277, 93d Cong., 2d Sess. 30 (1974).

The predominant concern, apart from the necessity and circumstantial trustworthiness elements common to all hearsay exceptions, see *Commonwealth* v. *Trapp*, 396 Mass. 202, 209 (1985), is the accuracy of the record of past recollection rather

than who made the record. Here, the testimony of Lee and Bevis was more than sufficient to lay a proper foundation for the admission of the contents of Bevis's notes. Bevis's further testimony as to the circumstances of the destruction of those notes and that he accurately copied from them to his police report excused the production of the original notes, for which, of course, there is a preference, and permitted, under the best evidence rule, the introduction of the registration plate number from the police report. See *Whitney* v. *Sawyer, supra* at 244; *Fisher* v. *Swartz*, 333 Mass. at 267; *Fauci* v. *Mulready*, 337 Mass. 532, 540, 542 (1958); Hughes, Evidence § 583, at 803-804 (1961); Liacos, Massachusetts Evidence at 94. There was no error.[2]

2. The defendant asserts that the prosecutor, in her closing argument to the jury, improperly referred to photographs of the defendant's car which had not been admitted in evidence. The photographs had been taken by Bevis in October, 1986, some three months after the accident. During the trial, the young identifying witnesses and Lee all testified that the photographs of the vehicle depicted a vehicle resembling the one they had observed on the night of the accident. Although the photographs had been marked for identification as Commonwealth exhibits, they were not received in evidence because they had not been verified as representative of the vehicle's condition at the time of the accident. The prosecutor during closing made the following comments:

> "You know that Sergeant Bevis took some pictures of a car later identified as the defendant's car by the vehicle identification number. Now you're not going to see those pictures but you also know that each of the witnesses who looked at them said, 'Hey, that's the same color, that's the same make and model of the car that I saw that night.' "

---

[2] The defendant argues for the first time on appeal that the admission of the testimony violated his rights of confrontation. We reject the argument for the reasons set forth in *Commonwealth* v. *Greene*, 9 Mass. App. Ct. 688, 691 & n.1 (1980), and authorities cited. See *United States* v. *Picciandra*, 788 F.2d 39, 42-43 (1st Cir. 1986).

At the conclusion of the prosecutor's closing, defense counsel objected to this portion of the argument and requested a curative instruction, which the judge gave in the language set out in the margin.[3] The defendant made no objection to this instruction, and we may assume, therefore, that he was satisfied with it. We review under the miscarriage of justice standard. See *Commonwealth* v. *Freeman*, 352 Mass. 556, 564 (1967); *Commonwealth* v. *Clary*, 388 Mass. 583, 590 (1983); *Commonwealth* v. *Royce*, 20 Mass. App. Ct. 221, 226 (1985).

There was no error. The short answer to the defendant's argument is that the prosecutor did not misstate the evidence but made fair comment on it. See *Commonwealth* v. *Earltop*, 372 Mass. 199, 205 (1977). The judge's curative instruction confronted any temptation the jury may have harbored to speculate about the condition of the vehicle displayed in the photographs. See *Commonwealth* v. *Prendergast*, 385 Mass. 625, 630-631 (1982); *Commonwealth* v. *Benjamin*, 399 Mass. 220, 223-224 & n.1 (1987).

*Judgments affirmed.*

---

[3] "And in regards to this, if they're in the matter of reference by the attorneys to things which are not in evidence, you of course must disregard that which is not in evidence. If there's a suggestion that there may have been photographs which you never got into evidence, you cannot guess what those photographs are like, you have to blot it out from your mind. You don't have the photographs, you don't guess about it and you don't worry about them and you cannot use those photographs."