Raquel D. BOEHMER, et al.

v.

Donna J. LeBOEUF.

Supreme Judicial Court of Maine.

Argued Sept. 7, 1994.
Decided Dec. 12, 1994.

Harrison Richardson (orally), Thomas R. McKeon, Richardson & Troubh, Portland, for plaintiffs.

Stephen C. Whiting (orally), Douglas, Whiting, Denham & Rogers, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

CLIFFORD, Justice.

Pursuant to M.R.Civ.P. 72(c),[1] this matter comes to us on report of an interlocutory ruling by the Superior Court (Lincoln County, *Bradford, J.*) granting the motion of the defendant, Donna J. LeBoeuf, for a new trial. At the conclusion of the trial and after the

---

1. M.R.Civ.P. 72(c) provides:

(c) **Report of Interlocutory Rulings.** If the court is of the opinion that a question of law involved in an interlocutory order or ruling made by it in any action in the Superior Court ought to be determined by the Law Court be-fore any further proceedings are taken therein, it may on motion of the aggrieved party report the case to the Law Court for that purpose and stay all further proceedings except such as are necessary to preserve the rights of the parties without making any decision therein.

entry of a verdict for the plaintiffs, LeBoeuf moved for a new trial, contending *inter alia* that evidence had been improperly admitted. Following the court's granting of that motion, the plaintiffs, Raquel and Peter Boehmer, moved to report the case and the Superior Court agreed to place the matter before us on report. We find no error in the Superior Court's conclusion that the notes of the plaintiffs' investigator do not qualify as past recollection recorded pursuant to M.R.Evid. 803(5), and that the investigator's testimony regarding the subject matter of those notes was erroneously admitted at trial. Accordingly, we affirm the order of the Superior Court granting LeBoeuf a new trial.

This action arises out of a 1990 collision of automobiles driven by Raquel Boehmer and LeBoeuf at the intersection of Broadway and Limerock in Rockland. The principal dispute at trial concerned the color of the traffic light that controlled the intersection and which of the parties had the right of way. Raquel testified that she had a green light that turned yellow just as she approached and proceeded into the intersection. LeBoeuf testified that her light turned green before she entered the intersection.

The accident was witnessed by thirteen-year-old Bonnie Thayer. At the time of the accident, the Thayer family was approaching the intersection from the opposite direction as Boehmer. In the Thayer vehicle were Floyd and Betsy Thayer, and their children, Bonnie and Theodore. Over two months after the accident, Bonnie was interviewed by Scott Kane, an investigator working for the Boehmers. Bonnie gave no written statement and the interview was not recorded. Kane did take notes of this interview, but he did not show his notes to Bonnie, nor did he read them back to her.

Bonnie did not give live testimony at trial. Testimony from her deposition taken eleven months after the accident, however, was introduced at trial. She was fourteen years old at the time the deposition was taken, and she testified that she did not recall seeing the color of the traffic light before or immediately after the collision, but that she may have seen the light. Bonnie recalled being interviewed by Kane but could not remember what she had told him. She also testified that she "remembered the accident fairly well" at the time she spoke with Kane and told him what she remembered.

Boehmer sought to get the contents of what Bonnie told Kane admitted at trial pursuant to M.R.Evid. 803(5) as past recollection recorded. The court rejected the argument that the statements qualified as past recollection recorded, but admitted Kane's testimony as nonhearsay pursuant to M.R.Evid. 801(d). Kane testified about his interview with Bonnie, and he related that when he interviewed Bonnie, she "distinctly remember[ed] the light to be yellow" at the time of the accident. Kane testified that his notes of the interview were accurately recorded and were taken at the time of the interview.[2] The notes were not proffered, however.

After a five-day jury trial, the jury returned a verdict in favor of the Boehmers. LeBoeuf moved for a new trial pursuant to M.R.Civ.P. 59(a). Among the grounds advanced to support the motion, LeBoeuf argued that Kane should not have been allowed to testify about the statements made to him by Bonnie because the statements were hearsay. The Superior Court agreed and granted the motion. Contending that Kane's testimony is admissible as past recollection recorded, the Boehmers moved to report the ruling to this court pursuant to M.R.Civ.P. 72(c), and the Superior Court granted the motion and ordered the case reported to us for the determination of questions of law.[3]

2. Kane's notes read as follows:
 Bonnie—Behind mother in seat. Saw dark car coming toward on Limerock. Light changing. Dark car starting to come into intersection and looked away. Yellow light. Looked up and saw blue car coming from right. Dad stopped and mother had hand up. Next thing saw was blue vehicle swerving around and missing pole. Came to stop. Stayed in car. Police officer did not interview. Did not see impact.

 Ted—heard mother gasp and looked up.

3. The court also reported for determination pursuant to M.R.Civ.P. 72(c), three other evidentiary and discovery issues that were raised in LeBoeuf's motion for a new trial. We do not address them because they are unlikely to recur at a retrial of this matter.

On appeal, the Boehmers concede the evidence is hearsay but argue that it is admissible as an exception to the hearsay rule pursuant to M.R.Evid. 803(5) as past recollection recorded under a theory of joint product recorded recollection. Although the Boehmers concede that only the notes themselves would qualify as past recollection recorded and that Kane should not have been allowed to testify as to his own independent recollection of the substance of the interview, they contend that Kane's testimony, because it was cumulative to the notes, was harmless error.

The past recollection recorded exception to the hearsay rule provides:

> The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . . .
>
> **(5) Recorded Recollection.** A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been or made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admissible, the memorandum or record may be read into evidence but shall not be received as an exhibit unless offered by an adverse party.

M.R.Evid. 803(5). In construing this rule, we have stated:

> "[A] document may be admitted as substantive evidence [pursuant to M.R.Evid. 803(5) ] if the witness states as his present memory that:
>
> (1) the contents of the document are a record of matters in fact previously known to, and remembered by, him; (2) the record had been previously made, or seen, by him at the time when his memory of the matters was *then* fresh . . .; and (3) at that time the record was *then* remembered to be an accurate record of the matters described."

*State v. Discher,* 597 A.2d 1336, 1341 (Me. 1991) (quoting *Cope v. Sevigny,* 289 A.2d 682, 687–88 (Me.1972)) (emphasis in original).

The first two foundational requirements of Rule 803(5) have been met. Bonnie's deposition testimony makes clear that eleven months after it happened, she was no longer able to remember the particulars of the accident, but when she was interviewed by Kane shortly after the accident, her memory was fresh. Kane's notes are a record of matters previously known to and remembered by Bonnie, and were made when Bonnie's memory of the matter was then fresh. The third requirement that has to be met before the notes may be admitted, however, requires the notes to be "*then* remembered to be an accurate record of the matters described." *Id.* Although Bonnie further testified that she would not have had any basis to doubt Kane's testimony that she told him the light was yellow "if I told him that at that time," Bonnie herself did not review Kane's notes and could not attest to their accuracy. It was only Kane who testified that they reflected what Bonnie had told him.

In urging us to affirm the decision of the trial court to grant a new trial, LeBoeuf contends that because Bonnie did not adopt or even review for accuracy Kane's notes when the matter was still fresh in her memory, there is insufficient assurance that Kane's notes "reflect . . . [Bonnie's] knowledge correctly" within the meaning of M.R.Evid. 803(5). She argues that the Boehmers have failed to demonstrate that the notes were "*then* remembered to be an accurate record of the matters described," as required by our opinion in *Discher.* 597 A.2d at 1341.

The Boehmers, on the other hand, contend the Superior Court read the rule and *Discher* too narrowly. They argue that the past recollection recorded is that of Bonnie, proffered through the notes of Kane; that the memorandum, in this case Kane's notes, may be jointly produced, the product of Kane as well as Bonnie; and that because Kane testified as to the accuracy of his notes reflecting his conversation with Bonnie, it is unnecessary for Bonnie herself to have verified the contents of the notes at the time of the interview. In support of their contention, the Boehmers rely on several cases from other jurisdictions. *See, e.g., United States v. Booz,* 451 F.2d 719, 724–25 (3d Cir.1971);

*Swart v. United States,* 394 F.2d 5, 6 (9th Cir.1968); *Commonwealth v. Galvin,* 27 Mass.App.Ct. 150, 535 N.E.2d 623, 625 (1989). The courts in those cases upheld decisions by trial courts to admit as past recollection recorded memoranda containing information, typically a license plate number, relayed at the time of the incident from an eyewitness and recorded by a third party, usually a law enforcement officer, when, at the time of trial the eyewitness could not remember the number once observed and even though the note or memorandum was not verified by the eyewitness. In these cases, appellate courts have not disturbed the conclusion of the trial court that the evidence was sufficiently trustworthy to allow it to go before the jury.

▮ Rule 803(5) provides for the admission of evidence as an exception to the general rule excluding hearsay. Compliance with the rule's requirements ensures that the evidence is sufficiently trustworthy to be considered by the factfinder. The trial court has considerable discretion as to the method used to comply with the rule and its determination as to whether the foundational requirements have been sufficiently met will be deferentially reviewed. *See Discher,* 597 A.2d at 1341–42 (citing advisory committee's note to Fed. R.Evid. 803(5)); *see also* M.R.Evid. 1008 ("[w]hen the admissibility of other evidence of contents of writings, recordings, or photographs under these rules depends upon fulfillment of a condition of fact, the question whether the condition has been fulfilled is for the court to determine"). Thus, there is great latitude in the court's ultimate determination as to whether the past recollection recorded is sufficiently trustworthy to allow its admission. In the instant case, the court concluded that the requirements of 803(5) had not been met, and granted the motion for a new trial.

▮ The requirement articulated in *Discher* that the record sought to be introduced further has to be remembered as being accurate at the time when the memory of the matter was fresh, and that the contents of the memoranda be affirmed or adopted or verified by the witness himself or herself assures reliability of information that is oth-

erwise hearsay. We do not read Rule 803(5), however, as rigidly requiring the memorandum to be affirmed or adopted in every case by the eyewitness. Jointly produced past recollection recorded may qualify for admission under Rule 803(5). The cases relied on by the Boehmers are examples of circumstances surrounding the creation of the notes or memoranda wherein courts within their considerable discretion have concluded that such evidence is sufficiently trustworthy even in the absence of a personal adoption or verification. The circumstances in those cases typically have involved the persons with the information affirmatively seeking to convey it and initiating the contact with the people to whom the information was given.

▮ In this case, however, it was reasonable for the court to consider that at the time of the interview Bonnie was a thirteen-year-old child. She did not initiate the interview nor seek out Kane. Rather, she was approached by Kane, an adult private investigator in the employ of the Boehmers, and talked about the accident only at his behest. Kane made notes of their conversation. Those notes were not seen by Bonnie, much less acknowledged or adopted by her at the time when her memory of the accident was fresh. In view of such circumstances, it was neither error nor an abuse of the court's discretion for it to have concluded that the foundational requirements of Rule 803(5) had not been met.

▮ In granting the motion for a new trial, the Superior Court found not only that Kane's testimony concerning his conversation with Bonnie was erroneously admitted, but also that the admission of that evidence was substantially prejudicial to LeBoeuf. A motion for a new trial should not be granted "unless it is reasonably clear that prejudicial error has been committed or that substantial justice has not been done." *Cates v. Farrington,* 423 A.2d 539, 541 (Me.1980). Because of the crucial nature of the evidence concerning the color of the traffic light that controlled the intersection and thus the right of way of the vehicles involved, the trial court's conclusions that LeBoeuf's substantial rights had been prejudiced by the admission

of Kane's testimony that Bonnie remembered the light being yellow, and that it is highly probable that the verdict would have been different without that testimony, are not clearly erroneous. The court's ruling on a motion for a new trial is reviewed for clear error and manifest abuse of discretion. *Ames v. Dipietro–Kay Corp.*, 617 A.2d 559, 561 (Me.1992). We discern no clear error, and there has been no abuse of discretion.

The entry is:

Order granting a new trial affirmed. Remanded to the Superior Court for further proceedings consistent with the opinion herein.

All concurring.