STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-11,69

ERIC P. MAXHAM

                    Plaintiff

        v.

AMY M. CARIGNAN                          STATE OF MAINE
                                         Cumberland, ss. Clerk's Office

                    Defendant

                                         RECEIVED

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL 16 2012

RECEIVED

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR NEW TRIAL

Before the court is the plaintiff's, Eric P. Maxham ("Plaintiff"), motion for a new

trial brought pursuant to M.R. Civ. P. 59(a). The Plaintiff states that the jury's

conclusion that the Plaintiff's negligence was equal to Ms. Carignan's ("Defendant")

negligence is not supported by the evidence in the record and, thus, the only way the jury

could have made its verdict is either from confusion generated by the jury instructions,

specifically paragraph 12 of the Rules of the Road instruction, or based on bias,

prejudice, or sympathy for the Defendant.

Courts do not grant new trials unless prejudicial error has crept into the record or

substantial justice has not been done. *Boehmer v. LeBoeuf*, 650 A.2d 1336, 1340 (Me.

1994) (citing *Cates v. Farrington*, 423 A.2d 539, 541 (Me. 1980)). A jury verdict will

not be overturned "unless no reasonable view of the evidence could sustain the verdict.

A jury's verdict is supported by sufficient evidence as long as any competent evidence

exists in the record on which the jury could base its findings." *Rutland v. Mullen*, 2002

ME 98, ¶ 12, 798 A.2d 1104 (internal citations omitted).

1

A motion for a new trial that alleges insufficiency of the evidence is akin to a motion for a judgment as a matter of law brought under M.R. Civ. P. 50. A court may grant a judgment as a matter of law "if the court determines that, viewing the evidence and all reasonable inferences therefrom most favorably to the party opposing the motion, a jury could not reasonably find for that party on an issue that . . . is an essential element of the claim." *Gordan v. Cummings*, 2000 ME 68, ¶ 9, 756 A.2d 942, 944 (citing M.R. Civ. P. 50(a)).

The Plaintiff focuses on the court's inclusion of Rules of the Road paragraph 12, which instructed the jury that "[a] person operating a bicycle may pass a vehicle on the right at the bicyclist's own risk." The Plaintiff alleges that this instruction must have confused the jury because there was no evidence of his attempting to pass the Defendant's car and no evidence of other negligence on his part that would support the jury's finding that he and the Defendant were equally negligent. This instruction correctly states Maine law (29-A M.R.S. § 2070(6)) and the instructions also clearly stated that they were to be considered as a whole and that the jury as fact finder was the judge of whether these rules were pertinent to the case.

The question presented is not whether the jury failed to find that the Defendant acted negligently despite overwhelming evidence that she did; the jury did find that the Defendant acted negligently. The question is whether there was evidence introduced at trial from which the jury could infer that the Plaintiff also acted with equal negligence. The jury was not required to believe the Plaintiff's testimony regarding his intentions to pass the Defendant's vehicle on the right, despite a lack of contradictory evidence. *See Ma v. Bryan*, 2010 ME 55, ¶ 6, 997 A.2d 755. Other evidence was introduced from which the jury could reasonably have found that the Plaintiff acted negligently, such as

2

failing to "operate his bicycle at such speed as to be able to stop upon reasonable notice within a reasonable distance, and to perform all maneuvers consistent with due care." (Def. Opp. 2.) The jury did not have to find that the Defendant's admitted violations of the vehicle code were negligent because a violation of a statute is not negligence *per se* but only evidence of negligence. *Dongo v. Banks*, 448 A.2d 885, 889 (Me. 1982). Thus, the jury's finding that Mr. Maxham acted equally negligently as Ms. Carignan was reasonable and based on the evidence presented.

Lastly, the Plaintiff suggests that the jury's findings must have been based on bias, prejudice, or sympathy for the Defendant but has not produced any evidence showing that the jury acted improperly. Generally, the deliberation process of a jury is protected from impeachment by the jurors themselves but courts may examine jury verdicts in certain very limited circumstances. *Ma*, 2010 ME 55 at ¶ 9. The Plaintiff has not alleged any "serious allegations of juror bias in the context of juror dishonesty" or "verifiable external manifestations of such impropriety" that could trigger a review of the verdict. *Reardon v. Larkin*, 2010 ME 86, ¶ 17, 3 A.3d 376 *(quoting Ma v. Bryan*, 2010 ME 55, ¶¶ 9-10.) And, the verdict is not manifestly or clearly wrong such that bias or prejudice may be inferred. *Id.*

**The entry is:**

The Plaintiff's Motion for a New Trial is DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

DATE: 7/16/12

Joyce A. Wheeler
Justice, Superior Court

3

Plaintiff's Attorney-Jon Languet Esq/
 Gary Goldberg Esq

Defendant's Attorney-James Main Esq